## S00A0876. DELONG v. WELCH et al.
### (533 SE2d 724)

HUNSTEIN, Justice.

Appellant Edward DeLong filed an application for a recall petition seeking to recall appellee Bobby Welch, a member of the Rabun County Board of Commissioners. Pursuant to OCGA § 21-4-6, Welch sought judicial review of DeLong's application and, after conducting a hearing, the superior court found insufficient probable cause to support the recall application. We granted DeLong's application for discretionary appeal to consider whether the probable cause standard applied by the trial court in reviewing the sufficiency of the recall application is the standard prescribed by OCGA § 21-4-6 (f). Because we find the trial court applied the correct probable cause standard, we affirm.

OCGA § 21-4-6 (f), as amended in 1998, sets forth the appropriate procedure for review of a recall application.

> Such review shall be limited solely to a review of the legal sufficiency of the recall ground or grounds and the legal sufficiency of the alleged fact or facts upon which such ground or grounds are based as set forth in such recall application. The review of such alleged fact or facts shall include a determination of whether probable cause exists to believe that such alleged fact or facts are true. The burden shall be on the petition chairperson to prove that such probable cause exists. . . . Discovery shall be permitted but shall not delay the consideration of the review petition by the judge.

The stated grounds for recall in DeLong's application are two counts

of alleged perjury.[1] After a sufficiency hearing at which both parties presented evidence, the trial court entered an order dismissing the recall application based on its finding that DeLong failed to meet his burden of showing probable cause that Welch committed perjury. In reaching its decision, the trial court applied the definition of probable cause which means "reasonable grounds" and "that apparent state of facts which seems to exist after reasonable and proper inquiry." See *State v. Stephens*, 252 Ga. 181, 182 (311 SE2d 823) (1984).

DeLong correctly does not argue that the trial court erred in applying the "reasonable grounds" standard of probable cause in this recall proceeding. OCGA § 21-4-6 (f) was amended in 1998 to provide for judicial review of the factual allegations of a recall application and for the first time imposed the burden on a petition chairperson to prove that probable cause exists to believe that the alleged facts are true. Ga. L. 1998, p. 1107, § 1. Although not defined in the Recall Act of 1989, OCGA § 21-4-1 et seq., the meaning of the term "probable cause" is well-established in both existing statutory law and the civil and criminal jurisprudence of this State. See *Stephens*, supra, 252 Ga. at 182 and *McMillan v. Day Realty Assoc.*, 156 Ga. App. 660, 662 (275 SE2d 352) (1980) (defining probable cause as "reasonable grounds" or "reasonable cause"); OCGA § 44-14-550 (3) and (4) (requiring showing of reasonable cause to believe debt exists in probable cause hearing to foreclose on lien on personalty); OCGA § 51-7-43 and *Rice v. Mansour*, 176 Ga. App. 617, 618 (337 SE2d 25) (1985) (in action for malicious prosecution, lack of probable cause exists where facts show defendant had no reasonable ground for proceeding except his desire to injure the accused). It is presumed that statutes are enacted by the legislature

> "with full knowledge of the existing condition of the law and with reference to it. They are therefore to be construed in connection and in harmony with the existing law, . . . and their meaning and effect is to be determined in connection, not only with the common law and the constitution, but also with reference to other statutes and the decisions of the courts." [Cit.]

*Avnet, Inc. v. Wyle Labs.*, 263 Ga. 615, 619-620 (2) (437 SE2d 302) (1993). Accordingly, we find no error in the trial court's application of the "reasonable grounds" definition of probable cause in determining

---

[1] The factual allegations listed on the recall application totaled ten grounds. In this appeal, appellant challenges only the trial court's ruling as to the allegations in grounds seven and eight, two counts of perjury allegedly committed by Welch in the Superior Court of Rabun County on May 27, 1999.

whether there was probable cause to believe that the factual allegations in DeLong's recall application were true.

DeLong argues, however, that the trial court improperly expanded the probable cause standard by allowing Welch to present counter-evidence and preventing DeLong from presenting hearsay testimony. We disagree. OCGA § 21-4-6 (f) expressly provides to the parties a right to timely discovery. If OCGA § 21-4-6 (f) were interpreted to deny the subject of a recall petition the right to present evidence at the sufficiency hearing, as argued by DeLong, this discovery provision would be rendered meaningless.

Nor did the trial court improperly expand the definition of probable cause by refusing to admit hearsay evidence offered by DeLong. The rules of evidence are applicable in all courts and all trials unless otherwise provided by statute. OCGA § 24-1-3. There is nothing in the Recall Act of 1989 to suggest a legislative intent to preclude application of the rules of evidence in recall proceedings. Moreover, although hearsay evidence may in some circumstances be admissible to establish probable cause to search or arrest in criminal proceedings, see *Stephens*, supra, 252 Ga. at 181, a recall proceeding is a civil action in which the sufficiency hearing is the only opportunity for the trial court to determine the veracity of the witnesses' testimony and to review the factual allegations raised against an elected official. In contrast to criminal proceedings, if probable cause is found in a recall action, the elected official is not subsequently entitled to a trial where evidence is presented anew to a jury. Because the sufficiency hearing is the only opportunity for the trial court to review the veracity of the facts alleged in an application for a recall petition and the legislature intended to provide for the thorough and legal review of such allegations, we find the rules of evidence applicable in a hearing to determine the sufficiency of a recall application. Accordingly, the trial court did not err in excluding DeLong's hearsay evidence.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 11, 2000.

*Stockton & Stockton, L. Allyn Stockton, Jr.*, for appellant.
*Chilivis, Cochran, Larkins & Bever, Nickolas P. Chilivis, John E. Larkins, Jr., Brian V. Patterson*, for appellees.