S06G1802. IN THE INTEREST OF C. S. et al., children.
(644 SE2d 812)

MELTON, Justice.

Following the termination of his parental rights by the Juvenile Court of Whitfield County, Steve Sexton appealed his case to the Court of Appeals. Sexton, who was incarcerated in Tennessee and received the petition and summons by certified mail, argued, among other things, that he received insufficient service, contending that OCGA §§ 15-11-96 (c) and 9-11-4 required that out-of-state parties in termination proceedings be served personally. The Court of Appeals affirmed (see *In the Interest of C. S.*, 279 Ga. App. 831 (632 SE2d 665) (2006)), and we granted certiorari to determine whether the delivery by certified mail to Sexton of the termination petition and the summons constituted sufficient service. See OCGA §§ 15-11-39.1 and 15-11-96. For the reasons that follow, we reverse.

OCGA § 15-11-96 (c) applies specifically to service in termination-of-parental-rights proceedings, and provides that "[t]he summons shall be served at least 30 days before the time set for the hearing, and a copy of the petition shall be served together with the summons and *shall* be made in the manner provided in Code Section 9-11-4, relating to service in civil practice." (Emphasis supplied.) In this connection, while personal service is not always required on out-of-state parties pursuant to OCGA § 9-11-4, the statute makes clear that service on an out-of-state party with a known address by certified mail alone is insufficient where, as here, the party has not waived service. See OCGA § 9-11-4 (e) (7) and (f) (1) (A); *Lee v. Pace*, 252 Ga. 546, 547 (2) (315 SE2d 417) (1984). Under the circumstances of this case, OCGA

§ 9-11-4 required that Sexton be served personally. See OCGA § 9-11-4 (e) (7). That was not done here.[1]

Because OCGA § 15-11-96 (c) relates specifically to service in termination-of-parental-rights proceedings, the trial court's reliance on the service provisions of OCGA § 15-11-39.1, a statute dealing with service in juvenile court proceedings generally, was misplaced. *Garden Hills Civic Assn. v. MARTA*, 273 Ga. 280, 284 (5) (539 SE2d 811) (2000) ("For purposes of statutory interpretation, a specific statute will prevail over a general statute, absent any indication of a contrary legislative intent") (citations and punctuation omitted). See also OCGA § 15-11-104 (statutory provisions relating generally to juvenile court proceedings do not apply where in conflict with provisions relating specifically to termination of parental rights proceedings). The general provisions of OCGA § 15-11-39.1 (a) that would allow an out-of-state party in a termination proceeding to be served by certified mail alone cannot trump the clear and specific provisions of OCGA §§ 15-11-96 (c) and 9-11-4 that would deem such a method of service to be insufficient. OCGA § 15-11-39.1 simply does not apply in this case.

Our holding in *In the Interest of M. A. C.*, 244 Ga. 645 (261 SE2d 590) (1979) is inapplicable here, as that case was decided several years before the legislature enacted OCGA § 15-11-96 (c), the specific statute relating to service in termination proceedings. See Ga. L. 1986, p. 1017. In *In the Interest of M. A. C.*, we determined that the former version of OCGA § 15-11-39.1 (a) was constitutional, and that service by certified mail on an out-of-state parent 70 days before a termination hearing provided sufficient notice. Id. at 650 (1). Of course, "[i]t is presumed that statutes are enacted by the legislature with full knowledge of the existing condition of the law and with reference to it." (Citation and punctuation omitted.) *DeLong v. Welch*, 272 Ga. 730, 731 (533 SE2d 724) (2000). Thus, by passing a specific statute relating to service in termination proceedings after our decision in *In the Interest of M. A. C.*, the legislature has made clear that service pursuant to OCGA § 15-11-39.1 (a) by certified mail alone on an out-of-state party in a termination proceeding is no longer sufficient.

---

[1] The State's argument that Sexton was served personally because a correctional officer hand delivered the certified mail to him is incorrect. OCGA § 15-11-96 (c) specifically provides that service "shall be made in the manner provided in Code Section 9-11-4," and the State presented no evidence that the correctional officer here was an individual authorized under OCGA § 9-11-4 (c) to perfect service on Sexton. See, e.g., *Wilkinson v. Udinsky*, 242 Ga. App. 464, 465 (1) (530 SE2d 215) (2000). A "correctional officer" is not an individual who has inherent authority to perfect service pursuant to OCGA § 9-11-4 (c). Nor is there any court order of record specifically appointing the correctional officer as an appropriate individual to perfect service on Sexton. See OCGA § 9-11-4 (f) (2).

Nor does OCGA § 9-11-4 (j) change the result. This Code section allows for alternative methods of service in situations where there are other, applicable statutes besides OCGA § 9-11-4 that provide for service; or where the provisions for service are unclear. OCGA § 9-11-4 (j). It does not allow inapplicable service provisions such as OCGA § 15-11-39.1 (a) to apply where they do not. Here, OCGA § 15-11-96 (c) provides a clear and specific method for service in termination of parental rights proceedings, and OCGA § 9-11-4 (j) does not create an avenue through which the general provisions of OCGA § 15-11-39.1 can override the specific mandates of OCGA § 15-11-96 (c). OCGA § 9-11-4 (j) only allows for additional methods of service where those additional methods would be inherently applicable. Because OCGA § 15-11-39.1 (a) has no inherent applicability here, OCGA § 9-11-4 (j) does not operate to make it applicable.

Therefore, the Court of Appeals erred in concluding that service on Sexton by certified mail pursuant to OCGA § 15-11-39.1 (a) was proper. Because Sexton was not properly served in the manner provided in OCGA § 9-11-4 as specifically required by OCGA § 15-11-96 (c), we must reverse the Court of Appeals' decision which upheld service on Sexton by certified mail.

*Judgment reversed. All the Justices concur.*

DECIDED MAY 14, 2007.

*McCamy, Phillips, Tuggle & Fordham, Curtis A. Kleem*, for appellant.

*Thurbert E. Baker, Attorney General, Dennis R. Dunn, Deputy Attorney General, Shalen S. Nelson, Senior Assistant Attorney General, Bruce A. Kling, Meron Dagnew, Philip F. Woodward*, for appellee.