[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-13358
_____

D.C. Docket No. 1:13-cv-01218-ODE

U.S. BANK NATIONAL ASSOCIATION, as trustee,
successor in interest to Bank of America, N.A.,
successor by merger with LaSalle Bank National Association,
as trustee for Bear Stearns Commercial Mortgage Securities,
Inc., Commercial Mortgage Pass-Through Certifications,
Series 2004-Top 16,

                                                              Plaintiff-Appellee,

versus

KHO & LEE, LLC,

                                                              Defendant,

DANIEL K. LEE,
CHUNG S. KHO,

                                                              Defendants-Appellants.
_____

Appeals from the United States District Court
for the Northern District of Georgia
_____

(June 11, 2015)

Before HULL, ANDERSON, and FARRIS,* Circuit Judges.

_____

*       Honorable Jerome Farris, United States Circuit Judge for the Ninth Circuit, sitting by designation.

PER CURIAM:

In this diversity action, Plaintiff-Appellee U.S. Bank National Association ("U.S. Bank"), as successor lender, has obtained a money judgment against Defendant-Debtor Kho & Lee, LLC ("K&L")[1] and Defendant-Appellant Daniel Lee as guarantor of a loan in default.[2] Appellant Lee, pro se, appeals the district court's order denying his motion for summary judgment and granting Appellee U.S. Bank summary judgment. Having carefully considered the briefs and relevant parts of the record, we conclude that the judgment of the district court should be affirmed (although on grounds raised in the district court and on appeal, but not addressed by the district court). Several reasons lead us to reject Appellant's arguments. In particular, we reject Appellant's challenge to the service of process on Appellant of the notice of the confirmation hearing. Appellant's primary challenge to the service of process here is that an unauthorized person executed the personal service on the Appellant. We reject Appellant's challenge for the following reasons.

---

[1]   Defendant-Debtor Kho & Lee, LLC did not appeal.

[2]   U.S. Bank also obtained a judgment against Defendant-Appellant Chung Kho, who was also a guarantor of the loan. Kho appealed the district court's decision; however, he settled with U.S. Bank and has moved to dismiss his appeal with prejudice. Kho's motion is GRANTED, and we omit him from further discussion. The term "Appellant" as used in this opinion thus refers only to Lee, who waived oral argument and whose appeal was submitted on the briefs.

U.S. Bank's earlier motion to dismiss the appeal is DENIED as moot.

We believe that the service of process here was "in accordance with" O.C.G.A. §9-11-4, as required by O.C.G.A. §9-11-4(k) ("[I]n any such proceeding [including a special statutory proceeding like a confirmation proceeding], service shall be sufficient when made in accordance with the statutes relating particularly to the proceeding or in accordance with this Code section.") (emphasis added). Pursuant to O.C.G.A. §9-11-4(j), service under the circumstances and in the manner prescribed by Georgia's Long-Arm Statute is service "in accordance with this Code section" §9-11-4(k).   This is so because §9-11-4(j) expressly provides that the methods of service set forth in §9-11-4 "are cumulative" and that "[w]henever a statute provides for another method of service, [e.g., Georgia's Long-Arm Statute] service may be made under circumstances and in the manner prescribed by [that] statute."  See Samay v. Som, 446 S.E.2d 230, 231 (Ga. Ct. App. 1994) ("A proper manner of service therefore generally may be effected when executed in the form provided by the law of this state, that is, as expressly provided by O.C.G.A. section 9-11-4, or elsewhere in the Code.") (emphasis added).  Nothing in the statute providing for confirmation proceedings is to the contrary.   Nor does Appellant cite any authority to the contrary.[3]  Thus, service of

---

[3]    In re CS, 644 S.E.2d 812 (Ga. 2007), is not to the contrary.   It is distinguishable for several reasons.   Appellant was personally served in this case; thus, In re CS – holding that in a parental deprivation case service on an out-of-state party with a known address must be personally served pursuant to O.C.G.A. §9-11-4(e)(7) and (f)(1)(A) – does not suggest that the personal service in this case was insufficient.   In re CS is also distinguishable because it did not

3

process pursuant to Georgia's Long-Arm Statute would be proper service in this case.

Because the service of process on Appellant here was sufficient under Georgia's Long-Arm Statute, we reject Appellant's challenge.  Appellant is subject to the jurisdiction of Georgia courts because he owned the real property in Georgia involved here.  O.C.G.A. §9-10-91(4) ("A court of this state may exercise personal jurisdiction over any nonresident . . . as to a cause of action arising from . . . ownership . . . if . . . he or she: . . . (4) owns . . . any real property situated in this state.")  And O.C.G.A. §9-10-94 provides that Appellant "may be served with summons outside the state in the same manner as service is made within the state by any person authorized to make service by the laws of the state … in which service is made."  See Samay, 466 S.E.2d at 23l (The person "who effectuates the prescribed method of service … [may] be a person authorized to do so under the law of the sovereign in which service is made.").  It is undisputed in this case that Appellant is a resident of New Jersey, that he was personally served, and that he was served by a person authorized by New Jersey to serve the process at issue.[4]  Thus, Appellant's challenge to the service of process fails.

---

involve the propriety of the application of Georgia's Long-Arm Statute in personally serving a notice of confirmation hearing on non-resident parties.

[4]     New Jersey Rule of Court 4:4-3(a) allows service by "any … competent adult not having

4

We also conclude that Appellant's challenge to personal service in the confirmation proceedings was barred as a collateral challenge to the confirmation order.  See Ramchandani v. State Bank & Trust Co., 749 S.E.2d 797 (Ga. Ct. App. 2013) (noting that a party may only challenge a confirmation judgment "in the court of rendition" pursuant to O.C.G.A. § 9-11-60(d)); see also Weems v. McCloud, 619 F.2d 1081, 1087 (5th Cir. 1980) ("This [Georgia confirmation order] cannot be collaterally attacked in a subsequent deficiency action but is accorded the same respect as other judgments of a court of general jurisdiction.").[5]

For the foregoing reasons, it makes no difference whether this case should be characterized as a deficiency judgment action or a suit on a contract.  Thus, we need not address that issue.

Appellant also argues that the 2007 and/or the 2009 Subordination Agreement required Appellee to give written notice to K&L and to the property manager in order to be entitled to a redirection of rents from K&L to Appellee.  He also argues that this provision relieved him of his obligation, after any event of default, to hold subsequent rents, etc., in trust for Appellee.  We disagree.  Even if we assume arguendo that the notice provision in the Subordination Agreement

---

a direct interest in the litigation."  The process server, James Reap, filed affidavits stating he was an adult who was not a party to the litigation.

[5]    This Court adopted as binding precedent all Fifth Circuit decisions prior to October 1, 1981.  Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

affected the preexisting obligation to pay over such rents to Appellee (without any specific direction or notice), the Subordination Agreement clearly had no effect at all on Appellant's preexisting obligation to hold any rents, etc., in trust for Appellee after any event of default.

Finally, we also reject Appellant's argument that the amount of post-default rents due and owing to Appellee could be properly reduced by the repayment of loans Appellant had previously made to K&L. Such loan repayments could not fairly be deemed "operating expenses." Moreover, the payment of any "operating expenses" from such post-default rents was subject to notice to Appellee and approval.

For the foregoing reasons,[6] the judgment of the district court is

AFFIRMED.

---

[6] We also reject as without merit Appellant's argument that the alleged novation (before he became a guarantor) released him from his obligations. Any other arguments challenging the judgment of the district court are rejected without need for further discussion.