## 71085. GRIFFITH v. GEORGIA BOARD OF DENTISTRY.
(333 SE2d 647)

Pope, Judge.

Charles E. Griffith brought this action in the Superior Court of Bibb County. The Georgia Board of Dentistry moved to dismiss the case on the basis of improper venue. Following a hearing on the motion, the Superior Court of Bibb County transferred this case to the Superior Court of Fulton County pursuant to the Uniform Transfer Rules, 251 Ga. 893 (1984). Griffith appeals.

The subject transfer order is not a final judgment as the case is still pending in the court below, albeit a different court from the one ordering the transfer. The order is thus interlocutory and not appealable without a certificate of immediate review from the lower court and an appropriate application to this court. OCGA § 5-6-34 (b); see *Atlanta Hanggliders &c., Inc. v. Rountree*, 169 Ga. App. 647 (314 SE2d 679) (1984). Compare *Shannon v. Allen Automatic Transmission*, 172 Ga. App. 88 (322 SE2d 99) (1984), and *Long v. Bruner*, 171 Ga. App. 124 (2) (318 SE2d 818) (1984), wherein the lower courts' dismissals of the cases because of improper venue were final judgments as the cases were no longer pending below. Therefore, Griffith's appeal must be dismissed.

*Appeal dismissed. Deen, P. J., and Beasley, J., concur.*

### ON MOTION FOR REHEARING.

Griffith asserts in his motion for rehearing that the case is no longer pending in the court below "because it was automatically dismissed without prejudice after the costs were not paid within twenty days." See Uniform Transfer Rule T-11, 251 Ga. 893, 894 (1984). Thus, he argues, this appeal is from a final judgment as in the cases of *Shannon v. Allen Automatic Transmission*, supra, and *Long v. Bruner*, supra. However, there is nothing in the record on appeal showing that this case has, in fact, been dismissed in the court below.

" 'This court is a court for the correction of errors and its decision must be made on the record sent to this court by the clerk of the court below and not upon the briefs of counsel. [Cits.]' " *Tingle v. Arnold, Cate & Allen,* 129 Ga. App. 134, 139 (199 SE2d 260) (1973) (on motion for rehearing). Accordingly, we adhere to our judgment dismissing this appeal for Griffith's failure to comply with the interlocutory appeal procedure of OCGA § 5-6-34 (b).

*Motion for rehearing denied.*

DECIDED JULY 1, 1985 —
REHEARING DENIED JULY 19, 1985.

*Tim D. Hemingway,* for appellant.

*Michael J. Bowers, Attorney General, H. Perry Michael, First Assistant Attorney General, Stephanie B. Manis, Senior Assistant Attorney General, Roger M. Siegel, Assistant Attorney General,* for appellee.