## 71134. FREEMON v. DUBROCA.
(341 SE2d 276)

BENHAM, Judge.

Appellant Freemon was a passenger in Washington's car on February 23, 1982, when it collided with a vehicle driven by appellee Dubroca. A suit seeking recompense for the personal injuries suffered by Freemon was filed against Washington and Dubroca on February 22, 1984, and service was perfected on Washington the next day. Service on appellee, however, was not perfected until January 13, 1985. Appellee then filed a motion to dismiss the complaint as to her on the ground that the action was barred by the statute of limitation. The trial court granted appellee's motion, and we granted appellant's application for interlocutory review of the trial court's ruling.

1. Appellee has filed a motion to dismiss the appeal on the ground that appellant has failed to comply with the requirements of OCGA § 5-6-34 (b). Specifically, appellee complains that the certificate of immediate review in this case was signed by a judge other than the trial judge. In response to appellee's motion, counsel for appellant executed an affidavit in which he stated that his attempt to present the certificate of immediate review to the trial judge was thwarted by the absence of the judge. The attorney was told that the judge would not return before the expiration of the 10-day period for execution of a certificate and was directed to the office of the presiding judge who signed the certificate. In light of these facts, the motion to dismiss the appeal is denied. See *Tingle v. Harvill*, 125 Ga. App. 312 (2) (187 SE2d 536) (1972).

2. We now address the merits of the appeal. "The mere filing of a petition is not the commencement of a suit unless timely service is perfected as required by law and the named defendant is duly brought into court; and the mere filing of a suit will not of itself toll the statute of limitations in a case. [Cits.]" *Deal v. Rust Engineering*, 169 Ga. App. 60 (1) (311 SE2d 499) (1983). "The principle of law controlling our decision in this case is well-settled: Where service is made after the expiration of the applicable statute of limitation, the timely filing of the complaint tolls the statute only if 'the plaintiff shows that he acted in a reasonable and diligent manner in attempting to insure that a proper service was made as quickly as possible.' [Cit.] 'A reasonable rule must be that in such case the trial judge should look at all the facts involved and ascertain whether the plaintiff was in any way guilty of laches. If he were, of course he would be barred, but if he acted in a reasonably diligent manner then he would not be.' [Cits.] The determination of whether the plaintiff was guilty of laches in failing to exercise due diligence in perfecting service after the running of the statute of limitations is a matter within the trial court's discretion and will not be disturbed on appeal absent abuse. [Cit.]"

*Forsyth v. Brazil*, 169 Ga. App. 438 (313 SE2d 138) (1984). See also *Childs v. Catlin*, 134 Ga. App. 778, 780-781 (216 SE2d 360) (1975).

In the case at bar, service was perfected on appellee nearly 11 months after the expiration of the statute of limitation. In an effort to show the exercise of due diligence, appellant presented the affidavits of a Fulton County marshal and appellant's attorney. The marshal stated he was given the assignment of serving process on appellee at a given address in March or April 1984. He was unsuccessful in his attempts to serve appellee at the address approximately five times over a thirty-day period, and concluded that appellee was purposely avoiding service of process. The attorney stated he wrote to the office of the Fulton County Marshal confirming appellee's address in April 1984, and that at times not specified in the affidavit, phone calls were made to the residences of appellee and her neighbors to determine appellee's whereabouts; her employer was found no longer to be conducting business in Georgia; and other sources were unable to give current information on appellee. On January 4, 1985, appellant filed a motion for the appointment of a professional server of process, and the motion was granted that same day. Nine days later, on his second attempt, the professional served appellee at the address previously given. After hearing argument on the issue and considering the entire record, the trial judge granted the motion to dismiss on the ground that appellant had failed to show an exercise of due diligence in pursuing service of appellee.

While it might be said that the record reflects diligence on the part of appellant through April 1984, counsel's affidavit makes only vague references to the continued effort to serve appellee and does not give specific dates or details reflecting a diligent attempt to locate appellee. See *Early v. Orr*, 135 Ga. App. 887, 888 (219 SE2d 622) (1975). The record reflects no investigative attempts to locate appellee from April 1984 until January 1985, when the services of a professional were sought. See *Jarmon v. Murphy*, 164 Ga. App. 763, 764 (298 SE2d 510) (1982). The fact that the professional process-server was able to effect service on appellee at the original address given shortly after his employ refutes, somewhat, the allegation that appellee was purposefully avoiding service of process. "Considering the factual posture, we cannot say as a matter of law that the trial court abused its discretion in holding that [appellant] did not exercise due diligence in attempting to perfect timely service on [appellee] . . . ." *Early v. Orr*, supra. See also *Brown v. Bailey*, 140 Ga. App. 364 (231 SE2d 136) (1976).

3. Appellant contends that the trial court granted the motion to dismiss without affording appellant a hearing and the concomitant opportunity to orally argue his position. The trial court's order granting the dismissal recites that the motion came on to be heard and

that argument of counsel was heard. Inasmuch as the record contains no evidence to contradict the content of the trial court's order, we must assume the trial court's order is correct. Our decision in the case must be based upon the record and not on factual assertions contained in briefs. See *Randall & Blakely, Inc. v. Krantz*, 155 Ga. App. 238 (1) (270 SE2d 265) (1980), overruled on other grounds, *Stroud v. Elias*, 247 Ga. 191 (1) (275 SE2d 46) (1981).

*Judgment affirmed. Banke, C. J., and McMurray, P. J., concur.*

DECIDED FEBRUARY 10, 1986.

*Edward M. Fitts, Oddie Richard*, for appellant.
*Gary M. Cooper, Richard B. Eason, Jr.*, for appellee.