A98A2392, A98A2393. PATEL v. GEORGIA POWER COMPANY; and vice versa.
(505 SE2d 787)

MCMURRAY, Presiding Judge.

In this tort action to recover for personal injuries plaintiff Bhavna Patel received at a public park located on property owned by defendant Georgia Power Company, the trial court granted summary judgment to defendant in an order filed on Tuesday, January 13, 1998. In Case No. A98A2392, plaintiff's notice of appeal was filed on February 13, 1998. In Case No. A98A2393, defendant's notice of cross-appeal was filed on February 28, 1998. *Held*:

*Case No. A98A2392*

1. "A notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of. . . ." OCGA § 5-

6-38 (a). "The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction upon an appellate court. [Cits.]" *Moncrief v. Tara Apts., Ltd.*, 162 Ga. App. 695 (293 SE2d 352). A notice of appeal filed on February 13, 1998, from an order entered on January 13, 1998, is not timely, in the absence of a proper extension of time. In Case No. A98A2392, we are without jurisdiction over this appeal, and it must be dismissed. *Moncrief v. Tara Apts., Ltd.*, 162 Ga. App. 695, supra; *Smith v. Forrester*, 145 Ga. App. 281 (243 SE2d 575).

### Case No. A98A2393

2. Defendant's cross-appeal complains of the August 19, 1996, order of the trial court denying defendant's motion to transfer venue.

" 'Although under OCGA § 5-6-48 (e), a cross-appeal may survive the dismissal of the main appeal, "this is true only where the cross-appeal can stand on its own merit." *Jones Roofing & Constr. Co. v. Roberts*, 179 Ga. App. 169, 170 (345 SE2d 683) (1986).' *Serco Co. v. Choice Bumper*, 199 Ga. App. 846 (406 SE2d 276)." *Guy v. Roberson*, 214 Ga. App. 391, 392 (2) (448 SE2d 60). In the case sub judice, the trial court's denial of defendant Georgia Power Company's motion to transfer venue is not a final appealable judgment within the meaning of OCGA § 5-6-34 (a) (1). Rather, that ruling is subject to the certification requirement and application procedures for interlocutory appeal of OCGA § 5-6-34 (b). *Griffith v. Ga. Bd. of Dentistry*, 175 Ga. App. 533 (333 SE2d 647). Consequently, since the main appeal in Case No. A98A2392 must be dismissed in its entirety, and defendant filed no application under OCGA § 5-6-34 (b) for interlocutory review of the denial of its motion to transfer venue, we have no independent jurisdiction over the cross-appeal in Case No. A98A2393, and the same must be dismissed. *Hutchison v. Nat. Svcs. Indus.*, 191 Ga. App. 885, 886 (3) (383 SE2d 212). Accord *Guy v. Roberson*, 214 Ga. App. 391, 392 (2), 393, supra.

*Appeal dismissed in the main appeal, Case No. A98A2392, and also dismissed in the cross-appeal, Case No. A98A2393. Blackburn and Eldridge, JJ., concur.*

DECIDED AUGUST 10, 1998 —
RECONSIDERATION DENIED AUGUST 28, 1998.

*Mark B. McManus*, for appellant.
*Dye, Tucker, Everitt, Wheale & Long, A. Rowland Dye, Swift, Currie, McGhee & Hiers, W. Ray Persons*, for appellee.