### S01A1700. THORPE et al. v. RUSSELL.
(559 SE2d 432)

CARLEY, Justice.

Charles Thorpe and Charlena Williams (Appellants) filed a civil action against G. Laycock, Inc. (Laycock). The case was assigned to Judge Cynthia Wright. Laycock made a motion to compel arbitration, which Appellants opposed. After the hearing, Appellants sent to Judge Wright a proposed certificate of immediate review for her signature in the event that she ordered arbitration. On March 28, 2001, Judge Wright granted the motion to compel arbitration, but did not sign or file the certificate. Thereafter, Appellants inquired about certification of the order, and were informed that Judge Wright was out of the country and would be unavailable for a two-week period. They then filed an "emergency motion" seeking issuance of a certificate, which motion they presented to Judge Constance Russell, in her capacity as Presiding Judge at that time. Judge Russell did not hold a hearing or enter an order disposing of the matter, concluding that there was no emergency requiring her to act. Appellants then filed this mandamus action against Judge Russell, seeking to compel her to consider and rule on their emergency motion to certify for immediate review the interlocutory arbitration order entered by Judge Wright. After conducting a hearing, the trial court dismissed the petition. Appellants appeal from the dismissal order.

In the absence of another specific legal remedy, mandamus may issue to compel performance of an official duty. OCGA § 9-6-20. Citing OCGA § 15-6-21 (b), Appellants urge that, by virtue of her office as presiding judge, Judge Russell was required to consider and rule on the merits of their motion. However, that statute provides only that "the" judge of a superior court has a general duty to render a timely decision on a submitted motion. It does not impose a requirement on all judges of the superior court to rule on every motion presented to them. Under Uniform Superior Court Rule (USCR) 3.3, "[t]he judge to whom any action is assigned shall have exclusive control of such action, except as provided in these rules. . . ." Appellants' case was assigned to Judge Wright. Therefore, OCGA § 15-6-21 (b) did not require that Judge Russell consider Appellants' motion to certify the arbitration order. She had the authority to issue an order in the case assigned to Judge Wright only in "the most compelling circumstances." USCR 4.7.

Relying upon *Tingle v. Harvill*, 125 Ga. App. 312, 317 (2) (187

SE2d 536) (1972), Appellants contend that the unavailability of Judge Wright was such an emergency as would compel Judge Russell to rule on the merits of their motion. In *Tingle*, the presiding superior court judge did find that the absence of the assigned judge was a valid reason to issue a certificate of immediate review. However, *Tingle* does not require a similar conclusion in all cases. A trial court is presumed to know the law and, had Judge Wright intended to certify her order, she certainly could have done so before she left the country. She was aware of Appellants' desire to apply for an interlocutory appeal in the event she ruled against them, as they had submitted a proposed certification to her before she ruled on the motion to compel arbitration. Notwithstanding this awareness, she did not sign a certificate for immediate review. Under these circumstances, Judge Russell was not required to conclude that Judge Wright's absence deprived Appellants of the opportunity to request that she certify her own order. Compare *Tingle*, supra at 317 (2). To the contrary, Judge Russell was authorized to conclude that Judge Wright had taken Appellants' request for certification under advisement and declined to grant it.

Moreover, Appellants had available to them another legal remedy. Upon Judge Wright's return, they could have requested that she reconsider her arbitration order and, if unsuccessful in that effort, seek her certification of the order denying their request. See *Mayor & Alderman of the City of Savannah v. Norman J. Bass Constr. Co.*, 264 Ga. 16, 17 (1) (441 SE2d 63) (1994). Had Judge Wright inadvertently failed to certify her original order, she certainly would be amenable to this procedure.

Judge Russell did not have a statutory duty to consider Appellants' motion and, under the circumstances, was authorized to find that they had another readily available legal remedy and that there was not any emergency which would compel her to act pursuant to USCR 3.3. Thus, the trial court correctly dismissed the mandamus petition against Judge Russell.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 4, 2002 —
RECONSIDERATION DENIED FEBRUARY 25, 2002.

Charles E. Thorpe, Jr., *pro se.*
*Charlena W. Thorpe*, pro se.
*Thurbert E. Baker, Attorney General, Elizabeth D. Redisch, Assistant Attorney General*, for appellee.