### A10A1496. MAUER v. PARKER FIBERNET, LLC et al.

(701 SE2d 599)

POPE, Senior Appellate Judge.

We granted Jeffrey J. Mauer's application for interlocutory appeal to review the trial court's removal order, transferring the case from the Superior Court of Floyd County to the Superior Court of Chattooga County, pursuant to OCGA § 14-2-510 (b) (4), the corporate venue statute. Upon further review, we conclude that Mauer's application was improvidently granted because Mauer failed to

comply with the requirements of OCGA § 5-6-34 (b) governing interlocutory appeals. The instant appeal therefore must be dismissed.

The record shows that Mauer filed this civil lawsuit against defendants Parker Fibernet, LLC and its president, David Parker, in the Superior Court of Floyd County. The defendants asserted improper venue as an affirmative defense in their answer, contending that venue instead lay in Chattooga County, where both defendants resided. The defendants also filed a notice of removal to transfer the case to the Superior Court of Chattooga County, pursuant to OCGA § 14-2-510 (b) (4). In support of their notice of removal, the defendants submitted an affidavit showing that David Parker was a resident of Chattooga County, that Parker Fibernet's principal place of business and registered agent were in Chattooga County, and that Parker Fibernet did not maintain an office in Floyd County. Mauer filed an objection to the notice of removal.

On February 3, 2010, after considering the arguments and evidence presented, the Superior Court of Floyd County entered a removal order transferring the case to Chattooga County. On February 12, 2010, after the case had been transferred, Mauer sought and obtained a certificate of immediate review from the Chattooga County trial judge. Mauer then filed an application for an interlocutory appeal, which this Court granted.

Even if not raised by a party, an appellate court has a duty to raise the question of jurisdiction in all cases where there may be doubt about its existence. See *Brown v. E.I. du Pont de Nemours & Co.*, 240 Ga. App. 893, 894 (1) (525 SE2d 731) (1999). See also *Fullwood v. Sivley*, 271 Ga. 248, 249 (517 SE2d 511) (1999). Because the right of appeal is statutory, we must ensure adherence to the procedural statutes and rules conferring appellate jurisdiction. See id. at 249-250.

A trial court's ruling on the issue of removal or transfer of venue is not a directly appealable final judgment under OCGA § 5-6-34 (a) (1), and thus, it is subject to the procedures governing interlocutory appeals. See *Patel v. Ga. Power Co.*, 234 Ga. App. 141, 142 (2) (505 SE2d 787) (1998); *Griffith v. Ga. Bd. of Dentistry*, 175 Ga. App. 533 (333 SE2d 647) (1985). OCGA § 5-6-34 (b) allows an appeal from an order that is not otherwise directly appealable upon the issuance of a certificate of immediate review. The procedure set forth in OCGA § 5-6-34 (b) pertinently provides that an interlocutory appeal is permitted

> [w]here *the trial judge in rendering an order, decision, or judgment*, not otherwise subject to direct appeal, . . . certifies within ten days of entry thereof that the order, decision,

> or judgment is of such importance to the case that immediate review should be had[.]

(Emphasis supplied.) In accordance with the emphasized plain language of the statute, the same trial judge who entered the order in question must issue the certificate of immediate review. See OCGA § 5-6-34 (b). A limited exception to this rule has been recognized when the evidence shows that the trial judge was unavailable to execute the certificate. See *Freemon v. Dubroca*, 177 Ga. App. 745 (1) (341 SE2d 276) (1986) (where appellant's affidavit attested that the trial judge who issued the order was absent during the ten-day period for execution, the certificate issued by the presiding judge was deemed proper); *Tingle v. Harvill*, 125 Ga. App. 312, 317-318 (2) (187 SE2d 536) (1972) (concluding that the presiding judge was authorized to enter the requisite certificate of immediate review since the trial judge who had entered the order in question was absent). Alternatively, the jurisdictional requirement may be met where a different trial judge reconsiders the prior order and effectively reasserts the decision before certifying it for review. See *Caudill v. State*, 157 Ga. App. 415, 417 (2) (277 SE2d 773) (1981).

In the instant case, the removal order in question was issued by the original trial judge in Floyd County. The certificate of immediate review, however, was issued by the trial judge in Chattooga County following the transfer of the case. There is no evidence that Mauer sought a certificate of immediate review from the original trial judge who issued the removal order or that the original trial judge was unavailable to sign the certificate before the case was transferred.[1] Likewise, there is no evidence that the removal order was reconsidered and reasserted by the Chattooga County trial judge prior to the issuance of the certificate. Because the certificate was not signed by the trial judge who issued the removal order, it was invalid and could not provide a basis for this Court's exercise of jurisdiction to consider the merits of Mauer's appeal. See OCGA § 5-6-34 (b).

This conclusion is not altered by the statutory provisions of OCGA § 9-10-53 governing the conduct of proceedings following a case transfer. It is true that under OCGA § 9-10-53, "[a]fter a case

---

[1] The trial court's entry of a removal order does not cause it to immediately lose jurisdiction over the case or result in an immediate transfer of the case to a different venue. See *Jones v. Bienert*, 197 Ga. App. 554, 555 (398 SE2d 830) (1990). Rather, Uniform Transfer Rules T-11 and T-12, found at 251 Ga. 893 (1984), and Uniform Superior Court Rule 19.1 (G) and (H) provide that a transfer does not take effect until after the plaintiff has submitted timely payment of court costs and the clerk of the transferor court has transmitted a certified record of the original pleadings to the transferee court. See id. Here, the removal order was entered on February 3, 2010. Mauer did not file a request for a certificate of immediate review until February 12, 2010, after the case was transferred to the Superior Court of Chattooga County.

has been transferred, all further proceedings shall be conducted as if the case had been originally commenced in the court to which the same was transferred." Although OCGA § 9-10-53 addresses the general conduct of further proceedings following a case transfer, OCGA § 5-6-34 (b) sets forth the more specific rule governing the issuance of a certificate of immediate review for interlocutory appeals. "[U]nder the rules of statutory construction, a specific statute normally prevails over a general one." *In re Estate of Barr*, 278 Ga. App. 837, 838 (630 SE2d 135) (2006). See also *In the Interest of C. S.*, 282 Ga. 7, 8 (644 SE2d 812) (2007); *Hooks v. Cobb Center Pawn &c.*, 241 Ga. App. 305, 309 (6) (527 SE2d 566) (1999). It thus follows that the general provisions of OCGA § 9-10-53 cannot override the clear and specific provisions of OCGA § 5-6-34 (b) mandating that the certificate of immediate review be issued by the trial judge who entered the order in question. Therefore, OCGA § 5-6-34 (b) is the operative statute that controls the issue concerning the execution of the certificate in this case.

Because Mauer failed to follow the interlocutory procedures set forth in OCGA § 5-6-34 (b), the instant appeal is premature and must be dismissed. See *Griffith*, 175 Ga. App. at 533; *English v. Tucker Fed. Sav. &c. Assn.*, 175 Ga. App. 69, 69-70 (332 SE2d 365) (1985).[2]

*Appeal dismissed. Barnes, P. J., and Senior Appellate Judge G. Alan Blackburn concur.*

DECIDED SEPTEMBER 17, 2010 — ■

---

[2] We note that OCGA § 14-2-510 (b) (4), the statute upon which the removal order was based, sets forth the procedure for handling a corporate defendant's removal of a case. Significantly, this statutory procedure offers a remedy to plaintiffs seeking to challenge a removal effectuated under its provision after the case has been transferred. The statute pertinently provides:

> . . . Upon motion by the plaintiff filed within 45 days of the removal, the court to which the case is removed may remand the case to the original court if it finds that removal is improper under the provisions of this paragraph. Upon the defendant's filing of a notice of removal, the 45 day time period for filing such notice shall be tolled until the remand, the entry of an order by the court determining that the removal is valid, or the expiration of the time period for the plaintiff to file a motion challenging the removal, whichever occurs first[.]

OCGA § 14-2-510 (b) (4). Under this statutory procedure, Mauer first was required to file a motion for remand in the Chattooga County court. The Chattooga County trial judge then would have been authorized to decide upon Mauer's motion and certify her decision for review. See *Banks v. City of Hampton*, 280 Ga. App. 432, 433 (634 SE2d 192) (2006) (following removal of the case to the transferee court, plaintiff filed a motion to remand the case back to the original court; the transferee court entered its decision on the motion and issued a certificate of immediate review; this Court granted plaintiff's application for interlocutory appeal, conferring proper jurisdiction over the appeal); *Mohawk Indus. v. Clark*, 259 Ga. App. 26, 26-27 (576 SE2d 16) (2002) (same). Mauer, however, did not file a motion for remand in this case.

*Jackson B. Harris*, for appellant.
*William D. Cunningham*, for appellees.