# Court of Appeals
# of the State of Georgia

ATLANTA,    May 02, 2012

*The Court of Appeals hereby passes the following order:*

**A12I0202.    LIBERTY MUTUAL INSURANCE COMPANY, ET AL. v. JOSHUA HUFF.**

**A12I0207.    MEADOWS & MACIE, P.C. ET AL. v. JOSHUA E. HUFF.**

**A12I0208.    RHONDA RANAE JONES v. JOSHUA E. HUFF.**

Gwinnett County Judge Laura M. Tate, sitting by designation, denied motions for summary judgment filed by Liberty Mutual Insurance Company, Meadows & Macie, P.C. and Bonnie Baker, and Rhonda Jones (collectively referred to herein as the "Applicants"). The Applicants then obtained certificates of immediate review, signed by a different judge, and filed these applications for interlocutory appeal. We lack jurisdiction.

Under OCGA § 5-6-34 (b), a party may apply for interlocutory appellate review "[w]here *the trial judge* in rendering an order, decision, or judgment not otherwise subject to direct appeal . . . certifies within ten days of entry thereof that the order, decision or judgment is of such importance to the case that immediate review should be had . . ." (Emphasis supplied.) The plain language of the statute requires that the same judge who enters the order in question must certify it for immediate review. *Mauer v. Parker Fibernet, LLC*, 306 Ga. App. 160, 162 (701 SE2d 599) (2010).[1]

_____

[1] This court has recognized a limited exception to this rule where evidence shows that the trial judge was unavailable to execute the certificate. See *Freemon v. Dubroca*, 177 Ga. App. 745 (1) (341 SE2d 276) (1986); *Tingle v. Harvill*, 125 Ga. App. 312, 317-318 (2) (187 SE2d 536) (1972); see also *Thorpe v. Russell*, 274 Ga.

Because the certificates of immediate review submitted by the Applicants are invalid, they do not confer jurisdiction upon this Court to consider these applications for interlocutory appeal. The applications are therefore DISMISSED.



*Court of Appeals of the State of Georgia*
        *Clerk's Office, Atlanta,* 05/02/2012
        *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
        *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *, Clerk.*

---

781 (559 SE2d 432) (2002). Applicants, however, have made no showing that Judge Tate was unavailable.