# Court of Appeals
# of the State of Georgia

ATLANTA,  May 22, 2013

*The Court of Appeals hereby passes the following order:*

**A13I0214. DENNIS V. BRYANT v. THE STATE.**

Fayette County State Court Judge Harold Benefield denied in part and granted in part the State's motion in limine to introduce evidence of Dennis Bryant's 2006 and 2008 convictions for driving while under the influence of drugs to prove intent and knowledge in this driving while under the influence of alcohol case. Bryant then obtained a certificate of immediate review, signed by "Hon Presiding Judge," and filed this application for interlocutory appeal of the court's decision to allow evidence of a 2006 conviction. The signature on the certificate does not appear to be Judge Benefield's signature. Accordingly, we lack jurisdiction.

Under OCGA § 5-6-34 (b), a party may apply for interlocutory appellate review "[w]here *the trial judge* in rendering an order, decision, or judgment not otherwise subject to direct appeal . . . certifies within ten days of entry thereof that the order, decision, or judgment is of such importance to the case that immediate review should be had . . ." (Emphasis supplied.) The plain language of the statute requires that the same judge who enters the order in question must certify it for immediate review. *Mauer v. Parker Fibernet, LLC*, 306 Ga. App. 160, 162 (701 SE2d 599) (2010).[1]

Because the certificate of immediate review submitted by Bryant appears to

---

[1] This court has recognized a limited exception to this rule where evidence shows that the trial judge was unavailable to execute the certificate. See *Freemon v. Dubroca*, 177 Ga. App. 745 (1) (341 SE2d 276) (1986); *Tingle v. Harvill*, 125 Ga. App. 312, 317-318 (2) (187 SE2d 536) (1972); see also *Thorpe v. Russell*, 274 Ga. 781, 781-782 (559 SE2d 432) (2002). Bryant, however, has made no showing that Judge Benefield was unavailable.

have been signed by a judge other than the trial judge, it is invalid and does not confer jurisdiction upon this Court to consider this application for interlocutory appeal. The application is therefore DISMISSED.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,* 05/22/2013
    *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *, Clerk.*