# Court of Appeals
# of the State of Georgia

ATLANTA,  October 04, 2013

*The Court of Appeals hereby passes the following order:*

**A14I0009.  SHARON DIANE GREGG v. THE STATE.**

A judge of the Superior Court of Walker County signed an order denying defendant Sharon Diane Gregg's motion to compel a subpoena in this criminal case. No name is printed below the signature line on the order, and this Court cannot read the signature.  Gregg then obtained a certificate of immediate review signed by Judge Ralph L. Van Pelt, Jr.  The signature on the underlying order, however, does not appear to be Judge Van Pelt's signature.[1]  Following entry of the certificate of immediate review, Gregg filed this application for interlocutory appeal.  We, however, lack jurisdiction.

Under OCGA § 5-6-34 (b), a party may apply for interlocutory appellate review "[w]here *the trial judge* in rendering an order, decision, or judgment not otherwise subject to direct appeal . . . certifies within ten days of entry thereof that the order, decision, or judgment is of such importance to the case that immediate review should be had . . ." (Emphasis supplied.)  The plain language of the statute requires that the same judge who enters the order in question must certify it for immediate review. *Mauer v. Parker Fibernet, LLC*, 306 Ga. App. 160, 162 (701 SE2d 599) (2010).[2]

---

[1] Gregg represents that the underlying order was signed by Judge Jon B. Wood.

[2] This court has recognized a limited exception to this rule where evidence shows that the trial judge was unavailable to execute the certificate.  See *Freemon v. Dubroca*, 177 Ga. App. 745 (1) (341 SE2d 276) (1986); *Tingle v. Harvill*, 125 Ga. App. 312, 317-318 (2) (187 SE2d 536) (1972); see also *Thorpe v. Russell*, 274 Ga. 781, 781-782 (559 SE2d 432) (2002).  Gregg, however, has made no showing that the judge who signed the underlying order was unavailable.

Here, it appears that the certificate of immediate review was signed by a judge other than the one who signed the underlying order. Accordingly, the certificate is invalid and does not confer jurisdiction upon this Court to consider this application for interlocutory appeal.[3] The application is therefore DISMISSED.



*Court of Appeals of the State of Georgia*
        *Clerk's Office, Atlanta,* __10/04/2013__
        *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
        *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*

---

[3] To the extent that Gregg seeks to appeal an earlier oral ruling of Judge Van Pelt, "[a]n oral order is not final nor appealable until and unless it is reduced to writing, signed by the judge, and filed with the clerk." (Punctuation and citation omitted.) *Cameron v. Miles*, 304 Ga. App. 161, 163 (695 SE2d 691) (2010).