# Court of Appeals
# of the State of Georgia

ATLANTA,   March 21, 2014

*The Court of Appeals hereby passes the following order:*

**A14I0146.  SCOTT MICHAEL TEAGUE v. THE STATE.**

Judge Kenneth G. Vinson of Paulding County Superior Court, denied Scott Michael Teague's motion to suppress.  Teague then obtained a certificate of immediate review, signed by Judge Tonny S. Beavers, and filed this application for interlocutory appeal. We lack jurisdiction.

Under OCGA § 5-6-34 (b), a party may apply for interlocutory appellate review "[w]here *the trial judge* in rendering an order, decision, or judgment not otherwise subject to direct appeal . . . certifies within ten days of entry thereof that the order, decision, or judgment is of such importance to the case that immediate review should be had . . ." (Emphasis supplied.)  The plain language of the statute requires that the same judge who enters the order in question must certify it for immediate review. *Mauer v. Parker Fibernet, LLC*, 306 Ga. App. 160, 162 (701 SE2d 599) (2010).[1] Because the certificate of immediate review submitted by Teague is invalid, it does not confer jurisdiction upon this Court to consider this application for interlocutory appeal.  The application is therefore DISMISSED.

---

[1] This court has recognized a limited exception to this rule where evidence shows that the trial judge was unavailable to execute the certificate.  See *Freemon v. Dubroca*, 177 Ga. App. 745 (1) (341 SE2d 276) (1986); *Tingle v. Harvill*, 125 Ga. App. 312, 317-318 (2) (187 SE2d 536) (1972); see also *Thorpe v. Russell*, 274 Ga. 781, 781-782 (559 SE2d 432) (2002). Teague, however, has made no showing that Judge Vinson was unavailable.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 03/21/2014
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *Stephen E. Castlen* _____ *, Clerk.*