# Court of Appeals
# of the State of Georgia

ATLANTA,   April 10, 2015

*The Court of Appeals hereby passes the following order:*

**A15I0159. LLOYD CLIFFORD SMITH v. THE STATE.**

Houston County State Court Judge Susan E. McNally entered an order denying Lloyd Clifford Smith's motion in limine and motion to suppress. Smith obtained a certificate of immediate review signed by a different judge and filed this application for interlocutory appeal. We lack jurisdiction.

Under OCGA § 5-6-34 (b), a party may apply for interlocutory appellate review "[w]here *the trial judge* in rendering an order, decision, or judgment, not otherwise subject to direct appeal . . . certifies within ten days of entry thereof that the order, decision, or judgment is of such importance to the case that immediate review should be had." (Emphasis supplied.) The plain language of the statute requires that the same judge who enters the order in question must certify it for immediate review.[1]

---

[1] This Court has recognized a limited exception to this rule where evidence shows that the trial judge was unavailable to execute the certificate. See *Freemon v. Dubroca*, 177 Ga. App. 745 (1) (341 SE2d 276) (1986); *Tingle v. Harvill*, 125 Ga. App. 312, 317-318 (2) (187 SE2d 536) (1972); see also *Thorpe v. Russell*, 274 Ga. 781, 781-782 (559 SE2d 432) (2002). Smith, however, has made no showing that Judge McNally was unavailable.

See *Mauer v. Parker Fibernet, LLC*, 306 Ga. App. 160, 162 (701 SE2d 599) (2010).

Because the certificate of immediate review submitted by Smith is invalid, it does not confer jurisdiction upon this Court. Accordingly, the application for interlocutory appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,*_____04/10/2015_____
    *I certify that the above is a true extract from* *the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court* *hereto affixed the day and year last above written.*

_____ , *Clerk.*