# Court of Appeals
# of the State of Georgia

ATLANTA,  July 09, 2015

*The Court of Appeals hereby passes the following order:*

## A15D0449. TANNER MEDICAL CENTER, INC. et al. v. VEST NEWNAN, LLC et al.

The Georgia Department of Community Health denied Vest Newnan, LLC's application for a certificate of need to establish an inpatient psychiatric hospital in Coweta County. Vest Newnan, along with Coweta County and the City of Newnan, petitioned for judicial review in the Superior Court of Coweta County. Tanner Medical Center, Inc. and three other respondents moved to transfer venue to the Superior Court of Fulton County. The Superior Court of Coweta County denied the motion, and the respondents filed this application for discretionary appeal. We, however, lack jurisdiction.

A trial court's ruling on a motion to transfer venue is not a final judgment; "thus, it is subject to the procedures governing interlocutory appeals." *Mauer v. Parker Fibernet, LLC*, 306 Ga. App. 160, 161 (701 SE2d 599) (2010); see also *Patel v. Ga. Power Co.*, 234 Ga. App. 141 (2) (505 SE2d 787) (1998). Accordingly, to obtain review of the denial of their motion, respondents were required to comply with OCGA § 5-6-34 (b), including obtaining a certificate of immediate review from the superior court. *Patel*, supra; *Griffith v. Ga. Bd. of Dentistry*, 175 Ga. App. 533 (333 SE2d 647) (1985). Although respondents have applied for discretionary review, "[t]he discretionary appeal statute does not excuse a party seeking appellate review of an interlocutory order from complying with the additional requirements of OCGA § 5-6-34 (b)." *Bailey v. Bailey*, 266 Ga. 832, 833 (471 SE2d 213) (1996). Respondents' failure to comply with the interlocutory appeal procedures deprives of us of

jurisdiction to consider this discretionary application, which is hereby DISMISSED.

We are aware that nine days after denying respondents' motion for change of venue, the superior court entered a final ruling in favor of Vest Newnan, the county, and the city. That subsequent ruling does not alter our jurisdictional analysis, as the fact remains that this application was filed from an interlocutory order. See *Anthony v. Anthony*, 236 Ga. 508 (224 SE2d 349) (1976) (dismissing direct appeal from interlocutory order denying "plea to jurisdiction," even though final judgment was entered shortly thereafter); see also *Richardson v. General Motors Corp.*, 221 Ga. App. 583 (472 SE2d 143) (1996).

We also note that respondents have filed a separate application for discretionary appeal from the superior court's final ruling. See Case No. A15D0463. If that application is granted, then respondents will be entitled to challenge in the ensuing appeal all prior rulings in the case "without regard to whether the . . . ruling . . . was final." OCGA § 5-6-34 (d); see also *Paulding County v. Morrison*, 316 Ga. App. 806, 809 n.15 (728 SE2d 921) (2012).



Court of Appeals of the State of Georgia

Clerk's Office, Atlanta,_____07/09/2015_____

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia. Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , Clerk.