# Court of Appeals
# of the State of Georgia

ATLANTA,   November 17, 2016

*The Court of Appeals hereby passes the following order:*

**A17A0573.  IN THE INTEREST OF: E. H., A CHILD.**

E. H. has filed a direct appeal from the juvenile court's order transferring his delinquency case to superior court for prosecution.  We lack jurisdiction.

Because E. H.'s delinquency petition was filed after January 1, 2014, OCGA § 15-11-564 of Georgia's new Juvenile Code required that he comply with the interlocutory appeal procedures found in OCGA § 5-6-34 (b).  That statute provides that the decision of the juvenile court regarding transfer "shall only be an interlocutory judgment which either a child or the prosecuting attorney, or both, have the right to have reviewed by the Court of Appeals."  OCGA § 15-11-564 (a); see also id. § 15-11-564 (b) ("The pendency of an interlocutory appeal shall stay criminal proceedings in superior court.").[1]  When the order appealed from is interlocutory, we do not acquire jurisdiction unless the procedure for interlocutory appeal is followed, which includes obtaining a certificate of immediate review.  *Griffith v. Ga. Bd. of Dentistry*, 175 Ga. App. 533, 533 (333 SE2d 647) (1985).  E. H.'s failure to comply with the interlocutory appeal procedures deprives us of jurisdiction. Accordingly, this appeal is hereby DISMISSED.

---

[1] The statutory language that the child and the prosecuting attorney "have the right" to have an interlocutory appeal reviewed by this Court means that, while a child or prosecuting attorney must obtain a certificate of immediate review before filing an application for interlocutory appeal of a transfer order with this Court, the juvenile court lacks discretion to deny such a certificate in this specific context.



*Court of Appeals of the State of Georgia*

*Clerk's Office, Atlanta,* 11/17/2016

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

Stephen E. Castlen

*, Clerk.*