# Court of Appeals
# of the State of Georgia

ATLANTA,  October 26, 2018

*The Court of Appeals hereby passes the following order:*

**A19D0137.  SAMUEL LEE GHEE v. STATE OF GEORGIA et al.**

Samuel Lee Ghee filed suit against the State of Georgia and Georgia State University campus police officers alleging multiple claims. On November 20, 2017, the trial court denied his motion for recusal, and on November 21, 2017, it denied his motion to strike all hearsay statements and his request for default judgment. Ghee filed a direct appeal from the trial court's November 21 order, but his appeal was dismissed for failure to file an interlocutory application. See Case No. A19A0130 (dismissed August 30, 2018). Ghee thereafter filed a "motion to transfer/change venue," which the trial court denied on September 25, 2018.[1] On October 12, 2018, Ghee filed this application for discretionary appeal. We, however, lack jurisdiction.

An application must be filed within 30 days of the entry of the order or judgment to be appealed. OCGA § 5-6-35 (d). Thus, Ghee's application is only timely to the trial court's denial of his motion to transfer or change venue. But "[a] trial court's ruling on the issue of removal or transfer of venue is not a directly appealable final judgment under OCGA § 5-6-34 (a) (1), and thus, it is subject to the procedures governing interlocutory appeals." *Mauer v. Parker Fibernet, LLC*, 306 Ga. App. 160, 161 (701 SE2d 599) (2010). Although Ghee filed an application for discretionary appeal, compliance with the discretionary-appeal statute, OCGA § 5-6-35, does not excuse a party seeking appellate review of an interlocutory order from complying

---

[1] In violation of Court of Appeal Rule 31 (e), Ghee failed to include in his application materials a copy of the " petition or motion that led directly to the order or judgment being appealed and a copy of any responses to the petition or motion."

with the additional requirements of OCGA § 5-6-34 (b). *Bailey v. Bailey*, 266 Ga. 832, 833 (471 SE2d 213) (1996).[2]

Accordingly, we lack jurisdiction over this case, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,__10/26/2018_____*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*

---

[2] For the same reason, even if Ghee's application had been timely to the trial court's November 2017 orders, he was required to comply with the interlocutory-appeal procedures in order to appeal those orders because the case remained pending in the trial court. See OCGA § 5-6-34 (b); *Murphy v. Murphy*, 322 Ga. App. 829, 830 (747 SE2d 21) (2013) (holding that an order denying a motion to recuse is interlocutory); see, e.g., *Boyd v. State*, 191 Ga. App. 435, 435 (383 SE2d 906) (1989).