# Court of Appeals
# of the State of Georgia

ATLANTA,  August 01, 2019

*The Court of Appeals hereby passes the following order:*

**A19I0289.  SAMUEL PRIOR v. THE STATE.**

Samuel Prior seeks immediate review of the trial court's order denying his motion to suppress the results of a state-administered breath test. Along with his application, Prior has submitted a certificate of immediate review signed by a different judge than the one who signed the denial order. In light of this unexplained discrepancy, we lack jurisdiction to consider the application.

Under OCGA § 5-6-34 (b), a party may apply for interlocutory appellate review "[w]here *the trial judge* in rendering an order, decision, or judgment, not otherwise subject to direct appeal, . . . certifies within ten days of entry thereof that the order, decision, or judgment is of such importance to the case that immediate review should be had." (Emphasis supplied.) By its terms, the statute requires the certificate of immediate review to be signed by "the trial judge," not by a different judge. Here, the denial order was signed by Judge Jason B. Thompson, but the certificate of immediate review was signed by "T. Kyle King, Judge, Pro Hac." Nothing in the application materials explains why Judge King signed the certificate instead of Judge Thompson, or indicates that Judge King was "the trial judge" when he did so. Compare *Hourin v. State*, 301 Ga. 835, 837 (1) (804 SE2d 388) (2017) (evidence showed that judge who signed underlying order was acting pursuant to an assignment order that had expired, and judge who signed certificate was now "the trial judge" for the purpose of OCGA § 5-34 (b)).

Because Prior's certificate of immediate review does not comply with OCGA § 5-6-34 (b), this application is hereby DISMISSED. See *Mauer v. Parker Fibernet, LLC*, 306 Ga. App. 160 (701 SE2d 599) (2010).



*Court of Appeals of the State of Georgia*
        *Clerk's Office, Atlanta,*  08/01/2019
        *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
        *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ , *Clerk.*