# Court of Appeals
# of the State of Georgia

ATLANTA, December 12, 2022

*The Court of Appeals hereby passes the following order:*

## A23D0144. GIRISH MODI v. GREATER ATLANTA TELEGU ASSOCIATION.

This is the third appearance of these parties in this Court.[1] Girish Modi seeks discretionary review of the trial court's order denying multiple pro se motions, most pertinently, the denial of his motion to vacate the final judgment or grant a new trial. We, however, lack jurisdiction.

"Generally, an order is final and appealable when it leaves no issues remaining to be resolved, constitutes the court's final ruling on the merits of the action, and leaves the parties with no further recourse in the trial court." *Thomas v. Douglas County*, 217 Ga. App. 520, 522 (1) (457 SE2d 835) (1995). In the order at issue, the trial court expressly reserved its ruling on the defendant's request for attorney's fees, pursuant to OCGA § 9-15-14, indicating that the hearing on fees would occur in April 2023. Accordingly, this order is not final.

Because there is no final judgment and the case remains pending below, Modi was required to use the interlocutory appeal procedures – including obtaining a certificate of immediate review from the trial court – in order to obtain appellate

---

[1] In the first, we dismissed Girish Modi's application for discretionary review of the trial court's denial of his motion for leave to amend his complaint and his motion for summary judgment on the ground that he was required to follow the interlocutory appeal procedures. See Case No. A21D0192 (Feb. 4, 2021). In the second, we dismissed Modi's direct appeal from the final judgment in favor of the defendant due to his failure to follow interlocutory appeal procedures because his motion to vacate the final judgment or for a new trial was still pending in the trial court. See Case No. A23A0376 (Oct. 11, 2022).

review of the trial court's order. See OCGA § 5-6-34 (a) (1), (b); *Mauer v. Parker Fibernet, LLC*, 306 Ga. App. 160, 161 (701 SE2d 599) (2010). Although Modi filed an application for discretionary review, as described in OCGA § 5-6-35, compliance with that procedure does not excuse a party seeking appellate review of an interlocutory order from complying with the additional requirements of OCGA § 5-6-34 (b). See *Bailey v. Bailey*, 266 Ga. 832, 833 (471 SE2d 213) (1996). Accordingly, Modi's failure to comply with the interlocutory appeals procedure deprives this Court of jurisdiction to consider this application, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,   12/12/2022*

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_Stephen E. Castlen_                              *, Clerk.*