# Court of Appeals
# of the State of Georgia

ATLANTA, June 21, 2024

*The Court of Appeals hereby passes the following order:*

**A24A1541. LAURENS HOLDINGS, LLC et al. v. CHARLES ANDROS et al.**

In this action for breach of contract and related claims, plaintiffs Laurens Holdings, LLC and Carl Drury III filed this direct appeal from the trial court's order granting the defendants' motion to transfer venue. The defendants have filed a motion to dismiss the appeal.

Under OCGA § 5-6-34 (a) (1), appeals generally may be taken from "[a]ll final judgments, that is to say, where the case is no longer pending in the court below." Here, the trial court's ruling on the defendants' motion to transfer venue is a non-final order that did not resolve all issues in this case. See *Mauer v. Parker Fibernet*, 306 Ga. App. 160, 161 (701 SE2d 599) (2010); see also *Patel v. Ga. Power Co.*, 234 Ga. App. 141 142 (2) (505 SE2d 787) (1998). Consequently, the plaintiffs were required to use the interlocutory appeal procedures — including obtaining a certificate of immediate review from the trial court — to appeal the order transferring venue. See OCGA § 5-6-34 (b); *Mauer*, 306 Ga. App. at 161 ("A trial court's ruling on the issue of removal or transfer of venue is not a directly appealable final judgment under OCGA § 5-6-34 (a) (1), and thus, it is subject to the procedures governing interlocutory appeals."). Their failure to do so deprives us of jurisdiction over this direct appeal.

Consequently, the defendants' motion to dismiss is GRANTED, and this appeal is hereby DISMISSED for lack of jurisdiction. See *Mauer*, 306 Ga. App. at 161.



*Court of Appeals of the State of Georgia*

*Clerk's Office, Atlanta,* 06/21/2024

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*