# Court of Appeals
# of the State of Georgia

ATLANTA,  September 04, 2024

*The Court of Appeals hereby passes the following order:*

**A24A1373. IN THE INTEREST OF ESTATE OF LESLIE VAIL AYCOX.**

We granted an application for interlocutory appeal filed by Roderick Allen Aycox in his capacity as temporary administrator of the estate of Leslie Vail Aycox. Our review of the full record, however, shows that the certificate of immediate review was signed by a different probate court judge than the one who signed the order denying partial summary judgment. In light of this unexplained discrepancy, this appeal was improvidently granted because we lack jurisdiction.

"It is incumbent upon this Court to inquire into its own jurisdiction." (Citation omitted.) *Barnes v. Barnes*, 361 Ga. App. 279, 280 (864 SE2d 119) (2021). Under OCGA § 5-6-34 (b), a party may apply for interlocutory appellate review "[w]here the *trial judge in rendering an order, decision, or judgment*, not otherwise subject to direct appeal, . . . certifies within ten days of entry thereof that the order, decision, or judgment is of such importance to the case that immediate review should be had[.]" (Emphasis supplied.) See generally *In the Interest of Bruni*, 369 Ga. App. 488, 490 (3) (893 SE2d 862) (2023) (recognizing that OCGA § 5-6-34 (b) applies to interlocutory appeals from probate court orders). "In accordance with the emphasized plain language of [OCGA § 5-6-34 (b)], the same trial judge who entered the order in question must issue the certificate of immediate review." *Mauer v. Parker Fibernet*, 306 Ga. App. 160, 162 (701 SE2d 599) (2010).

Here, nothing in the application materials or the record explains why the denial order was signed by Fulton County Probate Court Chief Judge Kenya M. Johnson, but the certificate of immediate review was signed by Fulton County Probate Court

Associate Judge Marian Parker, nor does anything in the record indicate that Judge Parker was the "trial judge" for the purposes of OCGA § 5-6-34 (b) when the certificate was signed. Compare *Hourin v. State*, 301 Ga. 835, 837 (1) (804 SE2d 388) (2017) (evidence showed that judge who signed underlying order was acting pursuant to assignment order that had expired, and judge who signed certificate was now "the trial judge" for purposes of OCGA § 5-6-34 (b)); *Druid Hills Civic Assn. v. Buckler*, 328 Ga. App. 485, 488-489 (1) (760 SE2d 194) (2014) (interlocutory appeal was proper where certificate was signed by a judge of the same court "'*for*,' meaning '*on behalf of*,'" the original judge) (citation omitted; emphasis supplied), disapproved on other grounds by *Hourin*, 301 Ga. at 837 (1), n. 2. The certificate of immediate review in this case does not comply with the clear language of OCGA § 5-6-34 (b) and the appellant has pointed to nothing in the record permitting an exception to the statutory mandate.

As a result, we dismiss this appeal for lack of jurisdiction.[1]



Court of Appeals of the State of Georgia
  Clerk's Office, Atlanta,  09/04/2024

     I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

     Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____ , Clerk.

---

[1] The oral argument scheduled for September 12, 2024 is hereby cancelled.