# Court of Appeals
# of the State of Georgia

ATLANTA,  October 21, 2024

*The Court of Appeals hereby passes the following order:*

## A25I0057. PAMELA RIOS TABARES et al. v. NORTHEASTERN RAILROAD COMPANY, LLC et al.

Plaintiffs Pamela and Carlos Rios Tabares seek immediate review of the trial court's order granting the motion to dismiss filed by the City of Jasper, one of multiple defendants in this civil action. The plaintiffs obtained a certificate of immediate review signed by a different judge than the judge who signed the dismissal order, after which they filed this application for interlocutory appeal. In light of this unexplained discrepancy, we lack jurisdiction to consider the application.

Under OCGA § 5-6-34 (b), a party may apply for interlocutory appellate review "[w]here *the trial judge* in rendering an order, decision, or judgment, not otherwise subject to direct appeal, . . . certifies within ten days of entry thereof that the order, decision, or judgment is of such importance to the case that immediate review should be had." (Emphasis supplied.) By its terms, the statute requires the certificate of immediate review to be signed by "the trial judge," not by a different judge. Here, the dismissal order was signed by Senior Judge Leslie Abernathy-Maddox, but the certificate of immediate review was signed by Chief Judge Carla E. Brown. Nothing in the application materials explains why Judge Brown signed the certificate instead of Judge Abernathy-Maddox or indicates that Judge Brown was "the trial judge" when she did so. Compare *Hourin v. State*, 301 Ga. 835, 836-837 (1) (804 SE2d 388) (2017) (concluding that an interlocutory application was properly filed where the record showed that the judge who signed the order on appeal was acting pursuant to an assignment order that had expired and that the judge who signed the certificate was

"the trial judge" for purposes of OCGA § 5-6-34 (b) when she signed the certificate). Because the plaintiffs' certificate of immediate review does not comply with OCGA § 5-6-34 (b), this application is hereby DISMISSED. See *Mauer v. Parker Fibernet*, 306 Ga. App. 160, 162 (701 SE2d 599) (2010).



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,*__10/21/2024_____

  *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

  *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*