# Court of Appeals
# of the State of Georgia

ATLANTA, _October 22, 2024_

*The Court of Appeals hereby passes the following order:*

## A25A0360. PETER OTOH v. FEDERAL NATIONAL MORTGAGE ASSOCIATION et al.

In this action for wrongful foreclosure and related claims, Peter Otoh filed this direct appeal from the trial court's order, which granted in part a motion to dismiss some, but not all, of the claims in Otoh's second amended complaint and transferred venue. This is Otoh's second direct appeal challenging this order. We dismissed Otoh's first appeal for want of jurisdiction because Otoh failed to comply with the interlocutory appeal procedure, see Case No. A25A0049 (dismissed Aug. 8, 2024).[1] Defendants have filed a motion to dismiss this appeal, arguing Otoh has again failed to comply with the interlocutory appeal procedure.

Under OCGA § 5-6-34 (a) (1), appeals generally may be taken from "[a]ll final judgments, that is to say, where the case is no longer pending in the court below." When the case remains pending, the losing party is required to comply with the interlocutory appeal procedures of OCGA § 5-6-34 (b). *Islamkhan v. Khan*, 299 Ga. 548, 551 (2) (787 SE2d 731) (2016). Here, the trial court's order was not a final order because it did not resolve all of the issues below. See *Shoenthal v. Shoenthal*, 333 Ga. App. 729, 730 (776 SE2d 663) (2015). Additionally, the fact the trial court's order transferred venue does not confer jurisdiction as "[a] trial court's ruling on the issue of removal and transfer of venue is [also] not a directly appealable final judgment[.]" *Mauer v. Parker Fibernet*, 306 Ga. App. 160, 161 (701 SE2d 599) (2010).

Otoh's contention that the order is directly appealable because it falls under the collateral order doctrine lacks merit since this matter does not belong to that "very small class of interlocutory rulings," which are effectively final because they determine claims which are separable from, and collateral to, rights asserted in the

---

[1] Otoh filed a petition for writ of certiorari for review of this Court's order in the Supreme Court, which has not yet been resolved. See Case No. S25C0096.

action. *Rivera v. Washington*, 298 Ga. 770, 774 (784 SE2d 775) (2016). Therefore, Otoh was required to use the interlocutory appeal procedures, including obtaining a certificate of immediate review, to appeal the trial court's order. See OCGA § 5-6-34 (b); *Boyd v. State*, 191 Ga. App. 435, 435 (383 SE2d 906) (1989). His failure to do so deprives us of jurisdiction over this appeal.

For the above reasons, Appellees' motion to dismiss is hereby GRANTED, and this appeal is DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 10/22/2024

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*