# Court of Appeals
# of the State of Georgia

ATLANTA, October 22, 2024

*The Court of Appeals hereby passes the following order:*

## A25A0439. DREWRY C. PAYNE v. RICHARD KURTZMAN.

In this action for equitable partitioning of property and related claims, the trial court entered an order on July 26, 2024, dismissing several of plaintiff Drewry Payne's claims and transferring Count V of Payne's third amended petition to the county of residence of defendant Richard Kurtzman. Payne then filed this direct appeal. We lack jurisdiction.

Under OCGA § 5-6-34 (a) (1), appeals generally may be taken from "[a]ll final judgments, that is to say, where the case is no longer pending in the court below." Here, the trial court's order dismissing certain claims and transferring another claim is a non-final order that did not resolve all issues in this case. Consequently, Payne was required to use the interlocutory appeal procedures — including obtaining a certificate of immediate review from the trial court — to appeal the July 26 order. See OCGA § 5-6-34 (b); *Bailey v. Bailey*, 266 Ga. 832, 832-833 (471 SE2d 213) (1996); see also *Mauer v. Parker Fibernet*, 306 Ga. App. 160, 161 (701 SE2d 599) (2010) ("A trial court's ruling on the issue of removal or transfer of venue is not a directly appealable final judgment under OCGA § 5-6-34 (a) (1), and thus, it is subject to the procedures governing interlocutory appeals."); accord *Patel v. Ga. Power Co.*, 234 Ga. App. 141,

142 (2) (505 SE2d 787) (1998). His failure to do so deprives us of jurisdiction over this direct appeal, which is hereby DISMISSED. See *Mauer*, 306 Ga. App. at 161.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,__10/22/2024_____*

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*