## A96A0039. RICHARDSON v. GENERAL MOTORS CORPORATION.

### (472 SE2d 143)

McMURRAY, Presiding Judge.

Marzine Richardson filed an action against General Motors Corporation ("General Motors") to recover losses she allegedly sustained after purchasing a defective automobile from General Motors. General Motors denied the material allegations of the complaint and, after extended discovery, filed a motion to enforce settlement that was allegedly reached by the parties. The trial court granted this motion, finding that the parties settled the case in exchange for General Motors' promise to "pay [Richardson] twenty thousand dollars ($20,000) to buy back [Richardson's] 1993 Pontiac Firebird." The trial court amended this order on April 28, 1995, requiring General Motors to pay $1,000 into the trial court's registry to satisfy an attorney fees lien filed by Richardson's former attorney. The trial court stated that "[a] hearing will be set at a later date with respect to this lien." Richardson later filed a notice of appeal, specifying that the appeal is "from a judgment/order of the Superior Court of Fulton County entered in the clerk's office on April 28, 1995, and which judgment/order modified a previous order of the court dated 2/2/95 enforcing a purported Agreement between the parties." Before this direct appeal was docketed in the Court of Appeals, the trial court entered a final order on June 8, 1995, disbursing the money to satisfy the attorney's lien. *Held*:

"Where the notice of appeal specifies that the appeal is taken from an order which is not appealable and where the appeal is in fact taken from such an order, the appeal is subject to dismissal. See generally *Parish v. Ga. R. R. Bank & C. Co.*, 115 Ga. App. 540 (154 SE2d 750) (1967); OCGA § 5-6-48 (b) (2)." *Martin v. Farrington*, 179 Ga. App. 227 (346 SE2d 5). Richardson's notice of appeal in the case sub judice is from an order which, by its very terms, is interlocutory and therefore appealable only via the procedure set forth in OCGA § 5-6-34 (b). Consequently, since Richardson failed to follow this subsection's interlocutory appeal procedure and since no amendment has been "filed to correct [the] defect [in the notice of appeal, the appeal must be dismissed]. Compare *Steele v. Cincinnati Ins. Co.*, 252 Ga. 58 (311 SE2d 470) (1984); *Blackwell v. Cantrell*, 169 Ga. App. 795 (1) (315 SE2d 29) (1984)." *Martin v. Farrington*, 179 Ga. App. 227, supra. Dismissal of the appeal is unavoidable even though the trial court issued a final judgment on June 8, 1995. " 'The fact that an appealable judgment is shown to exist, or that the antecedent ruling on the motion . . . would be reviewable *when enumerated as error on the proper designation of an appealable judgment*, does not cure the fatal defect in the notice of appeal arising from the failure to appeal from

such a judgment. Accordingly, this court is [simply] without jurisdiction to entertain the appeal.' (Emphasis supplied.) *Ruth v. Kennedy*, 117 Ga. App. 632 (161 SE2d 410); see also *Fredricks v. State*, 168 Ga. App. 278 (308 SE2d 693)." *Whiddon v. Stargell*, 192 Ga. App. 826, 828 (386 SE2d 884). Compare *Ballew v. State*, 225 Ga. 547, 548 (170 SE2d 242); *Seaton v. Aetna Cas. &c. Co.*, 189 Ga. App. 546, 547 (1) (376 SE2d 712).

*Appeal dismissed. Johnson and Ruffin, JJ., concur.*

DECIDED MAY 30, 1996.

*Kunle Ogundele*, for appellant.
*King & Spalding, Sara E. Barton, Chilton D. Varner*, for appellee.

