# Court of Appeals
# of the State of Georgia

ATLANTA,___June 15, 2012___

*The Court of Appeals hereby passes the following order:*

## A12A1942.  BYRON TILLIS v. THE STATE.

In 2005, Byron Tillis was charged with simple battery.  On March 13, 2006, the trial court entered an order of nolle prosequi with respect to that charge.  In 2007, Tillis was charged with criminal trespass and obstruction.  Tillis pled guilty to obstruction, and the State declined to pursue the trespass charge.  In 2011, Tillis sought to have his record expunged.  The trial court denied the motion on March 15, 2011.

On April 18, 2012, Tillis filed two notices of appeal.  In the first, he seeks to challenge the trial court's March 13, 2006 order.  In the second, he seeks to appeal an order allegedly entered on March 14, 2008.[1]  We lack jurisdiction to consider these appeals.[2]

"[A] timely-filed notice of appeal is a jurisdictional prerequisite to a valid appeal." *Henderson v. State*, 265 Ga. 317 (1) (454 SE2d 458) (1995). Under OCGA § 5-6-38 (a), a notice of appeal must be filed within 30 days of the order sought to be appealed.  Here, however, both notices of appeal were filed well after 30 days after entry of orders Tillis seeks to appeal. Accordingly, we lack jurisdiction to consider

---

[1] The record contains no such order.  Presumably, Tillis sought to appeal the trial court's March 15, 2011 order denying his petition for expungement, which was signed by the judge on March 14, 2011, but not entered until the next day.

[2] The lower court clerk improperly transmitted both notices of appeal as a single case.  See Court of Appeals Rule 11 (a).

either appeal, which are hereby DISMISSED.[3]



*Court of Appeals of the State of Georgia*
       *Clerk's Office, Atlanta,* 06/15/2012
       *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
       *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ , *Clerk.*

---

[3] We note that, on April 5, 2012, the trial court entered an order denying Tillis's motion to seal his record. To the extent Tillis seeks to appeal this ruling, his failure to specify the order in his notices of appeal precludes our review. "Where the notice of appeal specifies that the appeal is taken from an order which is not appealable and where the appeal is in fact taken from such an order, the appeal is subject to dismissal." (Punctuation omitted.) *Richardson v. General Motors Corp.*, 221 Ga. App. 583 (472 SE2d 143) (1996).