# Court of Appeals
# of the State of Georgia

ATLANTA,   May 28, 2014

*The Court of Appeals hereby passes the following order:*

## A14D0355. ANASTASIA R. DESCHAMPS v. MARATHON REO MANAGEMENT, LLC.

Marathon REO Management, LLC brought a dispossessory action against Anastasia R. Deschamps in magistrate court. The magistrate court entered judgment in favor of Marathon, and Deschamps appealed to superior court. The superior court entered an order compelling Deschamps to pay rent into the registry of the court pending resolution of her appeal. Deschamps then filed an application for discretionary appeal in the Supreme Court, which transferred it here.

When the superior court entered the rent payment order, the issue of possession was still pending below. Thus, the rent payment order was not a final order. See *Rivera v. Housing Authority of Fulton County*, 163 Ga. App. 648 (295 SE2d 336) (1982). Deschamps was therefore required to follow the interlocutory application procedures set forth in OCGA § 5-6-34 (b), which include obtaining a certificate of immediate review from the trial court. OCGA § 5-6-35, the discretionary appeal statute, does not excuse a party seeking appellate review of an interlocutory order from complying with the additional requirements of OCGA § 5-6-34 (b). See *Bailey v. Bailey*, 266 Ga. 832 (471 SE2d 213) (1996).

Deschamps's failure to comply with the interlocutory appeal procedures deprives us of jurisdiction over this application, which is hereby DISMISSED.[1]

---

[1] The superior court's subsequent entry of a final judgment does not change this result. See *Richardson v. General Motors Corp.*, 221 Ga. App. 583 (472 SE2d 143) (1996).



*Court of Appeals of the State of Georgia*
     *Clerk's Office, Atlanta,* 05/28/2014
     *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
     *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *, Clerk.*