**THIRD DIVISION**
**BARNES, P. J.,**
**BOGGS and BRANCH, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**March 27, 2015**

# In the Court of Appeals of Georgia

A14A1695.  SYNOVUS  BANK  v.  PEACHTREE  FACTORY
CENTER, INC.

BRANCH, Judge.

Synovus Bank appeals the trial court's order denying its motion for certification of final judgment. We conclude that the order is not appealable and that we cannot intervene and address the merits of this case. The appeal is therefore dismissed.

In August 2011, Synovus issued a commercial promissory note to Peachtree Factory Center, Inc. James Mottola and Theo Mann both guaranteed payment of the note. When the defendants refused to pay the amounts due under the note, Synovus filed suit for the unpaid balance, interest, and attorney fees. The defendants answered and filed a counterclaim, asserting that Synovus had induced them to enter into the

transaction in order to allow the bank to refinance the debt of Fourth Quarter XVII, LLC. Defendants claimed that they were not to have any liability under the note or the guaranties after the refinancing occurred, but the refinancing apparently never happened. The defendants also filed a third-party complaint against Fourth Quarter and Stanley Thomas, asserting essentially the same claims included in their counterclaim.

Synovus filed a motion for summary judgment as to its complaint and the defendants' counterclaims. The trial court granted the motion, noting that the third-party complaint remained pending. Synovus sought to have language included in the order that would render the judgment final, but the defendants objected, and the trial court did not include it. Synovus then filed a motion for certification of final judgment, seeking to have the court certify the order as final under OCGA § 9-11-54 (b). The trial court denied the motion for certification but granted Synovus's certificate of immediate review.

We granted Synovus's application for interlocutory appeal to consider whether a trial court's decision not to certify an order as final under OCGA § 9-11-54 (b) is appealable, and, if so, the applicable standard of review. Synovus has asserted a compelling argument for a final judgment because it prevailed on all claims

2

applicable to it in the trial court but cannot collect from the defendants until the third-party complaint is resolved. See *MARTA v. Federick*, 187 Ga. App. 696, 698 (1) (371 SE2d 204) (1988) (judgment entered in multiple party and/or multiple claims case prior to disposition of entire case is not enforceable unless requirements of Rule 54 (b) are met). But the initial question is whether the trial court's decision not to certify the judgment as final under OCGA § 9-11-54 (b) is reviewable on appeal.

Pursuant to OCGA § 9-11-54 (b),

[w]hen more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

We note that, while the statute directs the judge when he or she has decided to enter a final judgment, the statute is silent if the judge has decided not to do so. We also

3

note that there does not appear to be any Georgia authority specifically discussing whether a trial court's decision not to direct entry of a final judgment under this rule is appealable and, if so, the applicable standard of review.[1]

The Georgia rule is essentially the same as Rule 54 (b) of the Federal Rules of Civil Procedure, which states that

> [w]hen an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

The United States Supreme Court has directed that the district courts be given substantial deference in deciding whether to make an express determination that there is "no just reason for delay" under Fed. R. Civ. P. 54 (b) because those courts are

---

[1] The standard of review applicable to the *issuance* of a final order under Rule 54 (b) is mentioned in *Thompson v. City of Fitzgerald*, 248 Ga. App. 725, 729 (3) (548 SE2d 368) (2001), when the court states that "the trial court did not abuse its discretion in issuing a final order pursuant to OCGA § 9-11-54 (b)."

4

most likely to be familiar with the case and any justifiable reasons for delay. *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U. S. 1, 10 (II) (100 SCt 1460, 64 LE2d 1) (1980).

Although Georgia appellate courts do not appear to have addressed whether the denial of a motion for certification under OCGA § 9-11-54 (b) is appealable, federal courts have addressed this issue under Fed. R. Civ. P. 54 (b) and determined that the denial of 54 (b) certification is not generally appealable.[2] See *Middleby Corp. v. Hussmann Corp.*, 962 F2d 614, 616 (7th Cir. 1992) (district court cannot be compelled to enter a partial final judgment under Fed. R. Civ. P. 54 (b) and appellate court has no jurisdiction over district court's refusal to enter such a decision); *McCall v. Deeds*, 849 F2d 1259 (9th Cir. 1988) (dismissing appeal from denial of Rule 54 (b) certification as not appealable); *Makuc v. American Honda Motor Co.*, 692 F2d 172, 174 (1st Cir. 1982) ("Since we know of no clear precedent to the contrary and since we believe the general policy [against piecemeal review] strongly supports it, we hold that the denial of a Rule 54 (b) motion is not generally appealable."); *Saber v.*

---

[2] "Because Georgia's Civil Practice Act is modeled on the Federal Rules of Civil Procedure, decisions of the federal courts interpreting the federal rules are persuasive authority." *Wellstar Health Systems v. Kemp*, 324 Ga. App. 629, 638 (2), n.19 (751 SE2d 445) (2013).

*FinanceAmerica Credit Corp.*, 843 F2d 697, 702 (II) (A) (3rd Cir. 1988) (although court of appeals may review district court's decision to certify an appeal for abuse of discretion, "it ordinarily has no jurisdiction to review on an interlocutory basis a district court's failure to certify a case for review."). Given the almost identical language in OCGA § 9-11-54 (b) and Fed. R. Civ. P. 54 (b), we are persuaded by the federal authority on this issue.

In this case, the trial court considered Synovus's motion for certification of final judgment and denied it. We understand Synovus's desire to have an immediately enforceable judgment — it has no ability to expedite the litigation in the trial court and the remaining parties have no incentive to do so and there is no evidence that the trial court required the defendants to post any security for the judgment against them — but we conclude that we cannot review the trial court's decision. Accordingly, the appeal is dismissed.

*Appeal dismissed. Barnes, P. J., concurs, and Boggs, J., concurs fully and specially*.

6

A14A1695. SYNOVUS BANK v. PEACHTREE FACTORY CENTER, INC.

BOGGS, Judge, concurring fully and specially.

I agree with the majority that in the absence of Georgia precedent, we should be guided by federal authority holding that there is no right of appeal from the denial of a motion filed pursuant to Fed. R. Civ. P. 54 (b), which is nearly identical to OCGA § 9-11-54 (b). And I recognize and appreciate the undesirability of piecemeal appeals. I write, however, to emphasize the possible inequity in foreclosing appellate review, especially under the circumstances of this case. Synovus' judgment here is hostage to the claim between the third-party plaintiff and the third-party defendant. Synovus has no standing to request a resolution of the claim between those parties, leaving the door open to collusion to delay Synovus from receiving and seeking collection of its judgment. Synovus runs the risk of losing priority position or assets available to satisfy its judgement, without any recourse. Indeed, Rule 54 (b) "was originally enacted to avoid the possible injustice that might result if judgment of a distinctly separate claim were delayed until adjudication of the entire case." See *Page v. Preisser*, 585 F2d 336, 339 (I) (B) (8th Cir. 1978). A right of appeal is the only

means to consider whether there has been injustice in the delay of a judgment on a distinctly separate claim via the trial court's denial of certification, especially here where there is no explanation for the court's ruling. But this right of appeal can only be granted by the General Assembly.