**FIRST DIVISION**
**DOYLE, C. J.,**
**PHIPPS, P. J, and BOGGS, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**August 20, 2015**

# In the Court of Appeals of Georgia

A15A2001. SHOENTHAL et al. v. SHOENTHAL et al.

DOYLE, Chief Judge.

Rachel and Rebecca Shoenthal (collectively, "the plaintiffs") filed a complaint against the DeKalb County Employees Retirement System Pension Board, members of the Board (collectively, "the Board"), and Fran Shoenthal, contending that the Board wrongfully disbursed their father's entire pension benefits to his wife instead of disbursing a portion to them. The Board filed a cross-claim against Fran. The trial court subsequently granted the Board's and Fran's motions for judgment on the pleadings, and the plaintiffs filed this direct appeal. We dismiss this appeal as premature, for the reasons that follow.

The plaintiffs asserted claims for declaratory judgment, mandamus, breach of contract, fraud, conversion, money had and received, and attorney fees, alleging that

the Board wrongfully disbursed all of their late father's pension benefits to his wife, Fran, instead of disbursing a portion to them in accordance with a change of beneficiary form their father completed a week before his death.[1] The Board filed a cross-claim against Fran, solely seeking to recover from her any monies the trial court might determine were wrongfully disbursed to her. The trial court subsequently granted the Board's and Fran's motions for judgment on the pleadings as to the plaintiffs' claims against them; the order did not mention nor dispose of the Board's cross-claim against Fran.[2] The plaintiffs filed a direct appeal, and the Board and Fran have moved to dismiss the appeal on the ground that it is premature. We agree.

> In a case involving multiple parties or multiple claims, a decision adjudicating fewer than all the claims or the rights and liabilities of less than all the parties is not a final judgment. In such circumstances, there must be an express determination under OCGA § 9-11-54 (b) or there must be compliance with the interlocutory appeal requirements of

---

[1] The trial court found that although the plaintiffs' father signed and dated a change of beneficiary form before his death, he placed it in his desk drawer and never mailed or delivered the form to the Board.

[2] The style of the order is "ORDER," and although there is a stamped box stating "FINAL ORDER (CASE DISPOSITION)," the initials in the box are not those of the trial judge.

OCGA § 5-6-34 (b). Where neither of these code sections are followed, the appeal is premature and must be dismissed.[3]

Here, because the Board's cross-claim against Fran, albeit a derivative claim, remains pending below, and the trial court did not direct the entry of final judgment in accordance with OCGA § 9-11-54 (b), the challenged order is not a final order. While we recognize that the parties in this case all agree that the trial court should dismiss the cross-claim in light of its ruling granting the Board's motion for summary judgment, this Court does not obtain jurisdiction over an order that is not final, and under the circumstances presented here, the order before us is not a final, appealable order. Rather, the order was appealable only through the interlocutory appeal procedure set forth in OCGA § 5-6-34 (b).[4] The plaintiffs' failure to follow the

---

[3] (Punctuation and citation omitted.) *Johnson v. Hosp. Corp. of America*, 192 Ga. App. 628, 629 (385 SE2d 731) (1989), quoting *Spivey v. Rogers*, 167 Ga. App. 729 (307 SE2d 677) (1983); see also *Synovus Bank v. Peachtree Factory Center, Inc.*, 331 Ga. App. 628, 629-630 (770 SE2d 887) (2015). Compare *Cherry v. Hersch*, 193 Ga. App. 471, 472 (2) (388 SE2d 64) (1989) (because the trial court entered an order styled "final judgment" in response to the plaintiff's request to certify a summary judgment as a final judgment and because the order directed the clerk to enter final judgment in favor of the defendants, the order is deemed final notwithstanding the fact that it did not contain OCGA § 9-11-54 (b) language specifically making "an express determination that there is no just reason for delay").

[4] See *Johnson*, 192 Ga. App. at 629.

interlocutory appeal procedure deprives us of jurisdiction over this direct appeal. Accordingly, the Board's and Fran Shoenthal's motions to dismiss are hereby granted, and this appeal is dismissed for lack of jurisdiction.[5]

*Appeal dismissed. Phipps, P. J., and Boggs, J., concur.*

---

[5] Oral argument, which was previously granted in this case, is hereby canceled.