# Court of Appeals
# of the State of Georgia

ATLANTA,  March 09, 2017

*The Court of Appeals hereby passes the following order:*

### A16A1910. NEW STAR REALTY, INC. v. JUNGANG PRI USA, LLC.

Jungang Pri USA, LLC brought this action in the Superior Court of Gwinnett County against New Star Realty & Investment, Inc. ("New Star Georgia"), New Star Realty, Inc. ("New Star California"), Jeongha Lee, Yoon Jae Lee, Paul N. Rohrabaugh, and West Point Property Group, LLC. Jungang subsequently moved to drop Yoon Jae Lee as a party defendant. Jungang also filed a motion to amend the consolidated pre-trial order asking, among other things, that Jeongha Lee and West Point Property Group be dropped as parties. However, no order was filed dismissing Yoon Jae Lee, Jeongha Lee, and West Point Property Group as parties.  In the absence of such an order, the trial court determined that Yoon Jae Lee, Jeongha Lee, and West Point Property remained parties to the action, and the jury was instructed that they were among the parties.

The jury returned a verdict (i) against Rohrabaugh on Jungang's negligence claim and awarded damages of $1,000,000, (ii) against New Star California on Jungang's negligence claim and awarded damages of $1,000,000, and (iii) against New Star Georgia on Jungang's breach of contract claim and awarded damages of $0.00. The jury also found that Jungang was entitled to recover its attorney's fees and expenses of litigation from New Star California in the amount of $200,000.  As to the negligence claim, the jury allocated percentages of fault among the parties.

Following the trial, New Star California and Rohrabaugh moved for judgment notwithstanding the verdict. On August 7, 2015, the trial court filed an order entering judgment on the verdict against Rohrabaugh and New Star California, but reserving the issue of prejudgment interest. On October 14, 2015, in two separate orders, the

trial court denied Rohrabaugh's and New Star California's motions for judgment notwithstanding the verdict and directed that the issue of prejudgment interest no longer be reserved.

New Star California filed a notice of appeal from the August 7, 2015 judgment on November 12, 2015. The record provided to this Court does not show that any judgment was rendered on the jury's verdict as to New Star Georgia. Nor does it appear that any order has been entered dismissing Yoon Jae Lee, Jeongha Lee, and West Point Property Group or otherwise disposing of Jungang's claims against those parties.

In cases involving multiple parties or multiple claims, a decision adjudicating fewer than all the claims or the rights and liabilities of fewer than all the parties is not a final judgment. See OCGA § 9-11-54 (b); *Shoenthal v. Shoenthal*, 333 Ga. App. 729, 730 (776 SE2d 663) (2015). In such cases, there must be an express determination under OCGA § 9-11-54 (b) or there must be compliance with the interlocutory appeal requirements of OCGA § 5-6-34 (b), and where neither code section is followed, the appeal is premature and must be dismissed. See *Shoenthal*, 333 Ga. App. at 730. Here, the trial court's orders did not dispose of all of Jungang's claims, nor did it direct the entry of final judgment in accordance with OCGA § 9-11-54 (b). Therefore, as New Star California did not comply with the interlocutory appeal procedures of OCGA § 5-6-34 (b), this appeal is hereby DISMISSED as premature.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,  03/09/2017*
*I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____, *Clerk.*