# Court of Appeals
# of the State of Georgia

ATLANTA, __May 09, 2017__

*The Court of Appeals hereby passes the following order:*

**A17D0397.  ERIC J. NATHAN v. BRANCH BANKING AND TRUST COMPANY.**

In this garnishment action, Plaintiff/Appellee Branch Banking and Trust Company ("the Bank") sought to collect a debt owed by Eric J. Nathan by garnishing assets of his company, Eric J. Nathan, P.C. ("Nathan's company").  Nathan's company filed four answers to the garnishment petition, and the Bank filed traverses of the first, third, and fourth answers.  Nathan filed a claim pursuant to OCGA § 18-4-15 seeking a ruling as to the existence of a lien superior to the Bank's judgment lien.  After a hearing in which the trial court considered only Nathan's claim regarding the superior lien and not the traverses, the court denied Nathan's claim.  The order also expressly stated that the hearing on the Bank's traverses would occur at a later date.  Nathan filed this application for discretionary appeal, seeking review of the trial court's order.  We lack jurisdiction.

The order that Nathan seeks to appeal is not a final order.  It is clear from the trial court's order that the Bank's traverses remain pending below.  In cases involving multiple parties or multiple claims, a decision adjudicating fewer than all the claims or the rights and liabilities of less than all the parties is not a final judgment.  See *Shoenthal v. Shoenthal*, 333 Ga. App. 729, 729 (776 SE2d 663) (2015) (punctuation omitted).  "In such circumstances, there must be an express determination under OCGA § 9-11-54 (b) or there must be compliance with the interlocutory appeal requirements of OCGA § 5-6-34 (b).  Where neither of these code sections [is] followed, the appeal is premature and must be dismissed." Id.  The order in this case did not direct the entry of judgment pursuant to OCGA § 9-11-54 (b).  Thus, Nathan

was required to comply with interlocutory application procedures by obtaining a timely certificate of immediate review before filing an application. Although appeals in garnishment cases are typically by discretionary application, see OCGA § 5-6-35 (a) (4), "the discretionary-application statute, OCGA § 5-6-35, does not allow a party to ignore the interlocutory-application subsection, OCGA § 5-6-34 (b), when attempting to obtain appellate review" of an interlocutory order. See *Scruggs v. Ga. Dept. of Human Resources*, 261 Ga. 587, 588 (1) (408 SE2d 103) (1991). Because Nathan did not comply with interlocutory application procedures, this application is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,  05/09/2017*
    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*



                                *, Clerk.*