# Court of Appeals
# of the State of Georgia

ATLANTA,  May 10, 2017

*The Court of Appeals hereby passes the following order:*

**A16A2165.  EDDIE LOU MORRIS v. KIRK DEMETROPS et al.**

In 2014, Eddie Lou Morris obtained default judgments in the amount of $517,185.20, plus interest, against Pro Properties, Inc. ("PPI"), Mortgage Investment Associates, Inc. ("MIA"), and Morningside Mortgage Management ("MMM").  In 2015, Morris filed a petition for "proper corporation/partnership dissolution" and post-judgment discovery against those three business entities, as well as William Kelly Crow and David U. Crosby.  Documents attached to the petition showed that Crosby incorporated and was the initial registered agent and sole board member for PPI and MIA, and that Crow was an officer of MIA. In addition to the named defendants, Morris also served a copy of the petition on Kirk Demetrops and Raymond Rivardo, who were listed as board members in MIA's articles of incorporation.

Crow, Crosby, Demetrops, and Rivardo filed motions to dismiss the petition, alleging that they could not be held individually liable for any of Morris's claims. Following a hearing, the trial court entered an order granting the motions, and Morris appealed.  We erroneously dismissed the appeal as untimely, but reinstated it after Morris filed a motion for reconsideration.  We now dismiss the appeal for a different reason – because the trial court's order was not final.

"In cases involving multiple parties or multiple claims, a decision adjudicating fewer than all the claims or the rights and liabilities of less than all the parties is not a final judgment.  In such circumstances, there must be an express determination under OCGA § 9–11–54(b) or there must be compliance with the interlocutory appeal requirements of OCGA § 5–6–34 (b). Where neither of these code sections [is]

followed, the appeal is premature and must be dismissed." (Punctuation omitted.) *Shoenthal v. Shoenthal*, 333 Ga. App. 729, 730 (776 SE2d 663) (2015), citing *Johnson v. Hosp. Corp. of America*, 192 Ga. App. 628, 629 (385 SE2d 731) (1989).

Here, the trial court's dismissal order was not a final order because it did not address Morris's claims against PPI, MIA, or MMM.[1] Further, the trial court did not direct the entry of final judgment in accordance with OCGA § 9-11-54 (b).[2] Consequently, Morris could appeal the order only by following the interlocutory appeal procedure set forth in OCGA § 5-6-34 (b). See *Shoenthal*, 333 Ga. App. at 730. Morris's failure to follow that procedure deprives us of jurisdiction over this direct appeal, which is hereby DISMISSED.



Court of Appeals of the State of Georgia
Clerk's Office, Atlanta, __05/10/2017__
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*



_____ , Clerk.

---

[1] None of these entities has filed an answer or other responsive pleading in this case. The record shows that MIA and MMM were administratively dissolved in 2008 and 2010, respectively. A dissolved corporation, however, retains the capacity to "wind up and liquidate its business and affairs," OCGA § 14-2-1421 (c), including "[d]ischarging or making provision for discharging its liabilities," OCGA § 14-2-1405 (3). Thus, the administrative dissolutions do not affect the pendency of Morris's claims against those entities. We express no opinion, at this juncture, on the merits of Morris's claims against any of the defendants.

[2] Although the order was stamped "FINAL ORDER," that stamp, by itself, does not constitute entry of a final judgment under OCGA § 9-11-54 (b).