# Court of Appeals
# of the State of Georgia

ATLANTA, January 11, 2019

*The Court of Appeals hereby passes the following order:*

**A19A0926.  FXM, P.C. v. PNC BANK, N.A. et al.**

In this complex foreclosure action, Plaintiff FXM, P.C. d/b/a Frank X. Moore & Associates filed suit against Fred Milani; MHB Homes, LLC; Portofino at Lake Lanier, LLC; HADI Homes, Inc.; PNC Bank, N.A. ("PNC"); RBC Real Estate Finance, Inc. ("RBC"); Guaranty Capital Group, LLC; William C. Abraham; Diamond Island, LLC; Xiangtong Lu; Yueling Lu; Xiao Ruiping; and John Does 1-10 (collectively, "the Defendants"). PNC and RBC filed a motion to dismiss. The trial court granted PNC's motion to dismiss in its entirety. The court also granted RBC's motion to dismiss three of the counts in the Plaintiff's complaint, but denied the motion as to the remaining counts. The Plaintiff then filed the instant direct appeal. We, however, lack jurisdiction.

"In a case involving multiple parties or multiple claims, a decision adjudicating fewer than all the claims or the rights and liabilities of less than all the parties is not a final judgment." *Johnson v. Hosp. Corp. of America*, 192 Ga. App. 628, 629 (385 SE2d 731) (1989) (citation and punctuation omitted). Although the trial court dismissed the claims against PNC and three of the claims against RBC, the Plaintiff's claims against the other defendants, as well as its remaining claims against RBC, have not been adjudicated and remain pending below. "In such circumstances, there must be an express determination under OCGA § 9-11-54 (b) or there must be compliance with the interlocutory appeal requirements of OCGA § 5-6-34 (b). Where neither of these code sections [is] followed, the appeal is premature and must be dismissed." Id. (citation and punctuation omitted).

The trial court's order in this case did not direct the entry of judgment pursuant to OCGA § 9-11-54 (b). Therefore, the challenged order is not a final order, and it is appealable only through the interlocutory appeal procedures set forth in OCGA § 5-6-34 (b). See id.; *Shoenthal v. Shoenthal*, 333 Ga. App. 729, 730 (776 SE2d 663) (2015). The Plaintiff's failure to follow the proper appellate procedure deprives us of jurisdiction to consider this direct appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*

*Clerk's Office, Atlanta,  01/11/2019*

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*