# Court of Appeals
# of the State of Georgia

ATLANTA,  February 14, 2019

*The Court of Appeals hereby passes the following order:*

**A19A1355.   ANTHONY C. SCHRODER v. STATE FARM FIRE AND CASUALTY COMPANY.**

Anthony C. Schroder sued Ashley Cain for damages arising from injuries Schroder allegedly sustained in a vehicular collision. Schroder later amended the complaint to add State Farm Fire and Casualty Company as a party-defendant. State Farm moved to dismiss the complaint, and the trial court granted its motion. Schroder then filed this direct appeal. We, however, lack jurisdiction.

"In a case involving multiple parties or multiple claims, a decision adjudicating fewer than all the claims or the rights and liabilities of less than all the parties is not a final judgment." *Johnson v. Hosp. Corp. of Am.*, 192 Ga. App. 628, 629 (385 SE2d 731) (1989) (punctuation omitted). Under such circumstances, there must be either an express determination that there is no just reason for delay under OCGA § 9-11-54 (b) or compliance with the interlocutory appeal procedures of OCGA § 5-6-34 (b). See id. "Where neither of these code sections [is] followed, the appeal is premature and must be dismissed." Id. (punctuation omitted).

The record does not show that the trial court has resolved Schroder's claims against Cain or that the court directed the entry of judgment under OCGA § 9-11-54 (b). Accordingly, Schroder was required to use the interlocutory appeal procedures – including obtaining a certificate of immediate review from the trial court – to appeal the trial court's dismissal order. See OCGA § 5-6-34 (b); *Shoenthal v. Shoenthal*, 333 Ga. App. 729, 730 (776 SE2d 663) (2015) . Schroder's failure to do so deprives us

of jurisdiction over this direct appeal, which is hereby DISMISSED. See *Shoenthal*, 333 Ga. App. at 730.



*Court of Appeals of the State of Georgia*
     *Clerk's Office, Atlanta,*  02/14/2019
     I certify that the above is a true extract from
the minutes of the Court of Appeals of Georgia.
     *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *, Clerk.*