# Court of Appeals
# of the State of Georgia

ATLANTA,  August 19, 2019

*The Court of Appeals hereby passes the following order:*

### A19A2477.  AMERICAN MANAGEMENT GROUP OF NORTH FLORIDA, LLC v. BAYTREE LANDSCAPE CONTRACTORS, INC.

Baytree Landscape Contractors, Inc. ("Baytree") filed this civil action against American Management Group of North Florida, LLC ("American Management") and Candler Acquisition, LLC ("Candler").  After American Management and Candler failed to answer, Baytree filed a motion for default judgment.  American Management and Candler responded and filed a motion to open default.

The trial court denied the motion to open default, and granted in part and denied in part the motion for default judgment.  The trial court found that Baytree was entitled to a default judgment against American Management on some of its claims.  However, the trial court denied entry of default judgment against Candler, because the facts alleged in the complaint were not sufficient to support the assertion that American Management was Candler's agent.  American Management filed a notice of appeal from the trial court's order.  Baytree filed a motion to dismiss the appeal, arguing that the appeal is interlocutory.  We agree.

"In a case involving multiple parties or multiple claims, a decision adjudicating fewer than all the claims or the rights and liabilities of [fewer] than all the parties is not a final judgment." *Johnson v. Hosp. Corp. of America*, 192 Ga. App. 628, 629 (385 SE2d 731) (1989) (punctuation omitted).  Under such circumstances, there must be either an express determination that there is no just reason for delay under OCGA § 9-11-54 (b) or compliance with the interlocutory appeal requirements of OCGA § 5-6-34 (b).  See id.  Where neither code section is followed, the appeal is premature and must be dismissed.  Id.

The record does not show that the trial court has resolved Baytree's claims against Candler or that the court directed the entry of judgment under OCGA § 9-11-54 (b).[1] Accordingly, American Management was required to use the interlocutory appeal procedures – including obtaining a certificate of immediate review from the trial court – to appeal the trial court's order. See OCGA § 5-6-34 (b); *Shoenthal v. Shoenthal*, 333 Ga. App. 729, 730 (776 SE2d 663) (2015); *Standridge v. Spillers*, 263 Ga. App. 401, 403 (1) (587 SE2d 862) (2003). American Management's failure to do so deprives us of jurisdiction over this direct appeal. See *Shoenthal*, 333 Ga. App. at 730. Accordingly, Baytree's motion to dismiss is GRANTED and this appeal is DISMISSED for lack of jurisdiction.



Court of Appeals of the State of Georgia
Clerk's Office, Atlanta,__08/19/2019_____
I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.
Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____ , Clerk.

---

[1] Additionally, while the trial court found that Baytree was entitled to entry of a default judgment against American Management, no formal default judgment or amount of judgment was entered. See *Ravan Construction Co. v. Smith*, 239 Ga. App. 885, 885 (522 SE2d 293) (1999).