# Court of Appeals
# of the State of Georgia

ATLANTA,  December 10, 2021

*The Court of Appeals hereby passes the following order:*

## A22A0538.  VERDELL JACKSON v. BONITA BRYANT RACHELL.

Bonita Bryant Rachell filed this petition for partition of real property, naming her sister Verdell Jackson as defendant. Rachell then added Citizens Bank & Trust Company, which had issued a home equity loan to Jackson, and Freddie Yvonne Bryant, another sister, as additional party defendants. The trial court entered a default judgment against Jackson and Bryant. Jackson filed a motion to set aside the judgment against her, which the court denied.

On August 25, 2021, the court entered both an order directing the case to mediation and a "final order and judgment" against Jackson and Bryant. The court ordered that Jackson is solely responsible for the payment of taxes, insurance, and maintenance of the real property at issue going back to 1996, that she shall immediately satisfy any obligations of the property, that no interest in the property had been conveyed to her by a disputed quitclaim deed filed in the Fulton County Clerk's Office, and that she shall pay attorney fees and costs incurred by Rachell in bringing the action. As to Bryant, the court ordered that no interest in the property had been conveyed to her by a purported executor's deed filed in the Fulton County Clerk's Office. Notably, the trial court did not determine how the property should be partitioned between the three sisters, and the trial court did not address the effect of the bank's security interest in the property. On September 15, 2021, the mediator filed a certification stating that although the parties had attended a mediation session, they had failed to reach an agreement on their outstanding issues. Then, on September 17, 2021, Jackson filed the instant direct appeal from the August 25, 2021 final order and judgment.

We lack jurisdiction. In cases involving multiple parties or multiple claims, a decision adjudicating fewer than all the claims or the rights and liabilities of less than all the parties is not a final judgment. See *Shoenthal v. Shoenthal*, 333 Ga. App. 729, 730 (776 SE2d 663) (2015). In such cases, an appeal may be taken after an express determination under OCGA § 9-11-54 (b) or compliance with the interlocutory appeal requirements of OCGA § 5-6-34 (b). But if neither of those steps occur, the appeal is premature and must be dismissed. See id. Here, despite the trial court's "final order and judgment," the case remains pending on the docket below, the trial court did not direct the entry of judgment under OCGA § 9-11-54 (b), and Jackson did not comply with the interlocutory appeal procedures of OCGA § 5-6-34 (b). This appeal is therefore DISMISSED as premature.



Court of Appeals of the State of Georgia

Clerk's Office, Atlanta,   12/10/2021

I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

Witness my signature and the seal of said court hereto affixed the day and year last above written.

_Stephen E. Castlen_

, Clerk.