# Court of Appeals
# of the State of Georgia

ATLANTA,  December 16, 2021

*The Court of Appeals hereby passes the following order:*

## A22A0582. KENNETH HUNT v. BURGER DOCS ATLANTA, INC.

Plaintiff Kenneth Hunt brought various claims against both his former employer, Burger Docs Atlanta, Inc. ("Burger Docs"), and his former general manager, Tia Vaiton, stemming from alleged sexual harassment of Hunt by Vaiton. Burger Docs filed a motion to dismiss, and on April 9, 2021, the trial court dismissed Hunt's claims against Burger Docs with prejudice. Hunt appeals from that dismissal, and Burger Docs has filed a motion to dismiss the appeal, arguing that we lack jurisdiction. We agree.

"In a case involving multiple parties or multiple claims, a decision adjudicating fewer than all the claims or the rights and liabilities of less than all the parties is not a final judgment." *Johnson v. Hosp. Corp. of America*, 192 Ga. App. 628, 629 (385 SE2d 731) (1989) (punctuation omitted). Under such circumstances, there must be either an express determination that there is no just reason for delay under OCGA § 9-11-54 (b) or compliance with the interlocutory appeal procedures of OCGA § 5-6-34 (b). See id. "Where neither of these code sections [is] followed, the appeal is premature and must be dismissed." Id. (punctuation omitted).

At the time the court entered its order dismissing the claims against Burger Docs, the court had not resolved Hunt's claims against Vaiton or directed the entry of judgment under OCGA § 9-11-54 (b). Although the court later dismissed the claims against Vaiton without prejudice,  the order on appeal here was not final when

it was entered or when Hunt filed his notice of appeal.[1] Thus, an interlocutory application was required even though a final order was subsequently entered. See *Richardson v. Gen. Motors Corp.*, 221 Ga. App. 583, 583 (472 SE2d 143) (1996) ("Where the notice of appeal specifies that the appeal is taken from an order which is not appealable and where the appeal is in fact taken from such an order, the appeal is subject to dismissal."); see also *Southwest Health & Wellness v. Work*, 282 Ga. App. 619, 622 (1) (b) (639 SE2d 570) (2006).

Hunt's failure to follow the requisite appeal procedures deprives us of jurisdiction over this direct appeal. Accordingly, Burger Docs's motion to dismiss the appeal is GRANTED, and the appeal is hereby DISMISSED. See OCGA § 5-6-34 (b); *Shoenthal v. Shoenthal*, 333 Ga. App. 729, 730 (776 SE2d 663) (2015).



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,* __12/16/2021__

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*

---

[1] Hunt filed his notice of appeal on May 4, 2021, at 10:44 a.m. At that point, a defendant still remained. Although the trial court dismissed the remaining defendant later that day, the dismissal order was not entered until 1:09 p.m., so that order did not relieve Hunt of his obligation to comply with the interlocutory appeal procedures.