# Court of Appeals
# of the State of Georgia

ATLANTA,  May 12, 2022

*The Court of Appeals hereby passes the following order:*

**A22A1302. JOHN ROBERT TURNER v. WALTER REARDON et al.**

John Robert Turner filed a complaint against Walter Reardon and other defendants for breach of a contract for the sale of real property and for reformation and specific performance of the contract. Turner also sought attorney fees pursuant to the terms of the contract and OCGA § 13-6-11. Defendants filed an answer, followed by a motion for summary judgment, which the court denied. Following a bench trial on Turner's equitable claims, the court entered a "judgment on equitable claims" in favor of the defendants on Turner's claims for reformation and specific performance on January 12, 2022. The court noted that the matter of attorney fees remained for determination. The court did not rule on the claim for breach of contract. Turner filed this appeal from the judgment on equitable claims on February 10, 2022. We, however, lack jurisdiction.

"Generally, an order is final and appealable when it leaves no issues remaining to be resolved, constitutes the court's final ruling on the merits of the action, and leaves the parties with no further recourse in the trial court." *Thomas v. Douglas Co.*, 217 Ga. App. 520, 522 (1) (457 SE2d 835) (1995). Here, the court specifically reserved the issue of attorney fees and did not rule on the breach of contract claim, which left the case pending below. Although the court later entered an order determining that Turner was not entitled to attorney fees and ruling in favor of the defendants on the breach of contract claim, the order on appeal was not final when it was entered or when Turner filed his notice of appeal. Thus, an interlocutory application was required even though a final order was subsequently entered. See *Richardson v. Gen. Motors Corp.*, 221 Ga. App. 583, 583 (472 SE2d 143) (1996)

("Where the notice of appeal specifies that the appeal is taken from an order which is not appealable and where the appeal is in fact taken from such an order, the appeal is subject to dismissal.").

Turner's failure to follow the requisite appeal procedures deprives us of jurisdiction over this direct appeal, which is hereby DISMISSED. See OCGA § 5-6-34 (b); *Shoenthal v. Shoenthal*, 333 Ga. App. 729, 730 (776 SE2d 663) (2015).



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,*__05/12/2022_____

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*