# Court of Appeals
# of the State of Georgia

ATLANTA,  November 14, 2022

*The Court of Appeals hereby passes the following order:*

## A23A0466. LASHAHN TAYLOR v. CRAIG WADE.

After plaintiff LaShahn Taylor filed this civil action against defendant Craig Wade for breach of contract and other claims, the trial court entered an order consolidating the case with Wade's dispossessory action, which was transferred from state court. In the consolidation order, the court designated Taylor's motion as the primary claim, and Wade's motion as the counterclaim. The trial court subsequently granted Wade's motion to dismiss Taylor's complaint for failure to state a claim upon which relief could be granted. Taylor then filed this direct appeal. We lack jurisdiction.

"In a case involving multiple parties or multiple claims, a decision adjudicating fewer than all the claims or the rights and liabilities of less than all the parties is not a final judgment." *Shoenthal v. Shoenthal*, 333 Ga. App. 729, 730 (776 SE2d 663) (2015) (citation and punctuation omitted). Under such circumstances, there must be either an express determination that there is no just reason for delay under OCGA § 9-11-54 (b) or compliance with the interlocutory appeal procedures of OCGA § 5-6-34 (b). See id. "Where neither of these code sections [is] followed, the appeal is premature and must be dismissed." Id. (citation and punctuation omitted).

Here, Wade's counterclaim remains pending below, and it does not appear that the trial court directed the entry of judgment under OCGA § 9-11-54 (b). Thus, Taylor was required to use the interlocutory appeal procedures – including obtaining a certificate of immediate review from the trial court – to appeal. See OCGA § 5-6-34 (b); *Islamkhan v. Khan*, 299 Ga. 548, 551 (2) (787 SE2d 731) (2016). Her failure to do so means we lack jurisdiction over this appeal, which is hereby DISMISSED. See

*Bailey v. Bailey*, 266 Ga. 832, 833 (471 SE2d 213) (1996).



*Court of Appeals of the State of Georgia*
            *Clerk's Office, Atlanta,* ___11/14/2022_____

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____Stephen E. Castlen_____ *, Clerk.*