# Court of Appeals
# of the State of Georgia

ATLANTA,  December 21, 2022

*The Court of Appeals hereby passes the following order:*

**A22A1489. WRAY et al. v. BRANYON et al.**

This family dispute is over the use of a road.  As relevant background here, the Appellees sought the removal of obstructions (e.g., a fence and a gate) from the road, claiming that they had acquired a right by prescription to use such road that traversed property owned by their relatives, the Appellants; the Appellants counterclaimed that the Appellees' use of the road amounted to trespass and thus sought, among other things, damages and a permanent injunction.  After a bench trial, the trial court entered a detailed order, from which the Appellants have filed this direct appeal.  For the reasons explained below, we lack jurisdiction.

Among their enumerated claims of error, the Appellants contend that the trial court erred by denying their claim for a permanent injunction.  However, as the parties apparently recognize,[1] the trial court did not rule on that claim.[2]  "In a case involving multiple parties or multiple claims, a decision adjudicating fewer than all the claims or the rights and liabilities of less than all the parties is not a final

---

[1] The Appellants state in their brief that "[t]he trial court never ruled on [their] request for a permanent injunction."  Similarly, the Appellees acknowledge in their brief that "[t]he Order does not expressly rule on Appellees' claim for injunctive relief . . . , nor does it make any findings of fact specific to th[at] claim[.]"

[2] See generally *Edwards v. Edwards*, 224 Ga. 224, 225 (160 SE2d 830) (1968) ("The judgment of the court should respond to the issues made by the pleadings and the evidence and adjudicate all the issues thus made.").

1

judgment." *Shoenthal v. Shoenthal*, 333 Ga. App. 729, 730 (776 SE2d 663) (2015). Under such circumstances, there must be either an express determination that there is no just reason for delay under OCGA § 9-11-54 (b) or compliance with the interlocutory appeal procedures of OCGA § 5-6-34 (b). Id. "Where neither of these code sections [is] followed, the appeal is premature and must be dismissed." (Footnote omitted.) Id.

Here, the trial court did not direct the entry of judgment under OCGA § 9-11-54 (b) and it appears that the Appellants' claim for an injunction remains pending. Thus, the Appellants were required to use the interlocutory appeal procedure – including obtaining a certificate of immediate review from the trial court – to appeal. See OCGA § 5-6-34 (b); *Shoenthal*, 333 Ga. App. at 730. Their failure to do so means we lack jurisdiction over this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,__12/21/2022_____*

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*

2