# Court of Appeals
# of the State of Georgia

ATLANTA,  February 09, 2023

*The Court of Appeals hereby passes the following order:*

**A23A0885. LATISHA LABON v. CITY OF ATLANTA et al.**

Latisha Labon filed a complaint against the Georgia Department of Transportation ("GDOT") and the City of Atlanta for injuries she sustained in a car accident as a result of a malfunctioning traffic signal. She asserted claims for negligence and nuisance. Both defendants filed motions to dismiss. The trial court granted GDOT's motion and granted the City of Atlanta's motion to dismiss only as to the plaintiff's negligence claim. Labon filed a timely notice of appeal seeking review of the trial court's grant of GDOT's motion to dismiss.

"In a case involving multiple parties or multiple claims, a decision adjudicating fewer than all the claims or the rights and liabilities of less than all the parties is not a final judgment." (citation and punctuation omitted.) *Johnson v. Hosp. Corp. of America*, 192 Ga. App. 628, 629 (385 SE2d 731) (1989). Although GDOT was dismissed from the action, the trial court's orders show that the case remains pending below against the City of Atlanta. "In such circumstances, there must be an express determination under OCGA § 9-11-54 (b) or there must be compliance with the interlocutory appeal requirements of OCGA § 5-6-34 (b). Where neither of these code sections [is] followed, the appeal is premature and must be dismissed." Id. (citation and punctuation omitted.)

The trial court's order in this case did not direct the entry of judgment pursuant to OCGA § 9-11-54 (b). Therefore, the challenged order is not a final order, and it is appealable only through the interlocutory appeal procedures set forth in OCGA § 5-6-34 (b). *Shoenthal v. Shoenthal*, 333 Ga. App. 729, 730 (776 SE2d 663) (2015); *Johnson*, supra, 192 Ga. App. at 629. Labon's failure to follow the proper appellate procedure deprives us of jurisdiction to consider this direct appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,  02/09/2023*

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

*Stephen E. Castlen* , *Clerk.*