# Court of Appeals
# of the State of Georgia

ATLANTA, January 22, 2024

*The Court of Appeals hereby passes the following order:*

A23A1204. AFRODITE WALKER v. ATD RESTORATION, LLC.

ATD Restoration, LLC filed a breach of contract, quantum meruit, and lien foreclosure action against Afrodite Walker. ATD also sought attorney fees on the grounds that: (i) "Defendant has caused Plaintiff unnecessary trouble and expense;" (ii) "Defendant has been stubbornly litigious;" and (iii) "Defendant has acted in bad faith," which are the grounds for which the expenses of litigation may be awarded under OCGA § 13-6-11. See *Witty v. McNeal Agency*, 239 Ga. App. 554, 556-557 (1) (c) (521 SE2d 619) (1999). On January 30, 2023, the trial court entered an order granting ATD's motion for judgment on the pleadings, dismissing Walker's counterclaim, and stating that it would schedule a hearing on ATD's attorney fees claim. On March 1, 2023, Walker appealed the court's January 30 order. We, however, lack jurisdiction.

Under OCGA § 5-6-34 (a) (1), appeals may generally be taken from "[a]ll final judgments, that is to say, where the case is no longer pending in the court below[.]" When the case remains pending, the losing party is required to comply with the interlocutory appeal procedures of OCGA § 5-6-34 (b), including obtaining a certificate of immediate review. *Islamkhan v. Khan*, 299 Ga. 548, 551 (2) (787 SE2d 731) (2016). "[I]f the judgment reserves the issue of attorney fees under OCGA § 13- 6-11, then one cannot claim that 'the case is no longer pending in the court below' as required by OCGA § 5-6-34 (a) (1)." *Sotter v. Stephens*, 291 Ga. 79, 84 (727 SE2d 484) (2012). See also *Edokpolor v. Grady Mem. Hosp. Corp.*, 302 Ga. 733, 734-735 (808 SE2d 653) (2017) ("[A] case remains pending in the trial court

where that court has explicitly reserved issues related to costs and attorney fees for future judgment"); *Barnes v. Barnes*, 361 Ga. App. 279, 281 (864 SE2d 119) (2021) (appealed order was not final when the trial court specifically reserved ruling on claims for attorney fees, and did not limit its consideration to OCGA § 9-15-14); compare *Hill v. Buttram*, 255 Ga. App. 123, 124 (564 SE2d 531) (2002) (reservation of OCGA § 9-15-14 attorney fees issue does not extend time for filing notice of appeal).

In this case, because the trial court's January 30 order reserved the issue of attorney fees, the order was not a final judgment,[1] and Walker was required to comply with the interlocutory appeal procedures to obtain appellate review. See *Islamkhan*, 299 Ga. at 550 (1). Moreover, the fact that the record includes the trial court's March 14, 2023 final order granting ATD's claim for OCGA § 13-6-11 attorney fees does not cure the jurisdictional defect, because Walker's notice of appeal predated that order and thus enumerated as error only the interlocutory ruling. See *Ruth v. Kennedy*, 117 Ga. App. 632, 632-633 (161 SE2d 410) (1968) ("The fact that an appealable judgment is shown to exist, or that the antecedent ruling . . . would be reviewable when enumerated as error on the proper designation of an appealable judgment, does not cure the fatal defect in the notice of appeal arising from the failure to appeal from such a judgment."); see also *Richardson v. GMC*, 221 Ga. App. 583, 583 (472 SE2d 143) (1996).

---

[1] The trial court marked its January 30 order a "final order," but "the mere designation of a judgment as 'final' is not controlling." (Citation and punctuation omitted). *Sotter*, 291 Ga. at 82.

For the above reasons, this Court lacks jurisdiction over this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
          *Clerk's Office,*
*Atlanta,*   01/22/2024

     *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

     *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*