# Court of Appeals
# of the State of Georgia

ATLANTA, August 08, 2025

*The Court of Appeals hereby passes the following order:*

## A25A2183. DRACY LEWIS v. DEKALB COUNTY SHERIFF MELODY M. MADDOX.

In March 2025, Decatur Highlands obtained a writ of possession from the Dekalb County Magistrate Court against its tenant, Dracy Lewis. Lewis then filed the underlying action in DeKalb County Superior Court against Decatur Highlands and Melody M. Maddox, in her capacity as the Sheriff of DeKalb County. Lewis's complaint sought declaratory and injunctive relief barring the defendants from executing the writ of possession. Maddox filed a motion to dismiss Lewis's claims against her, noting that the writ of possession had been forwarded to the DeKalb County Marshal's Office, rather than the Sheriff's Office, for execution. And given that the Sheriff's Office and the Marshal's Office were separate entities, Maddox argued that Lewis had failed to state a claim for relief against the Sheriff. The trial court agreed and on April 17, 2025, it entered an order granting the motion to dismiss. On May 20, 2025, Lewis filed her notice of direct appeal. We lack jurisdiction for two reasons.

First, under OCGA § 5-6-34 (a) (1), appeals generally may be taken from "[a]ll final judgments, that is to say, where the case is no longer pending in the court below." And "[i]n a case involving multiple parties or multiple claims, a decision adjudicating fewer than all the claims or the rights and liabilities of less than all the parties is not a final judgment." *Sage Atlanta Properties, Ltd. v. Diner Group of Georgia, LLC*, 360 Ga. App. 817, 822 (3) (861 SE2d 638) (2021)(citation and punctuation omitted). "In such circumstances, there must be an express determination under

OCGA § 9-11-54 (b) or there must be compliance with the interlocutory appeal requirements of OCGA § 5-6-34 (b). Where neither of these code sections [is] followed, the appeal is premature and must be dismissed." *Shoenthal v. Shoenthal*, 333 Ga. App. 729, 730 (776 SE2d 663) (2015) (citations and punctuation omitted). In this case, although the trial court granted the motion to dismiss filed by Maddox, it was not asked to decide and did not reach whether Lewis's claims against Decatur Highlands were also subject to dismissal. As the trial court's order did not direct the entry of judgment pursuant to OCGA § 9-11-54 (b), and because Lewis did not follow the interlocutory appeal procedures of OCGA § 5-6-34 (b), this appeal is premature.

Second, a notice of appeal must be filed within 30 days of entry of the judgment or trial court order sought to be appealed. OCGA § 5-6-38 (a). The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction upon this Court. *Yanes v. Escobar*, 362 Ga. App. 896, 898 (870 SE2d 506) (2022). In this case, the thirtieth day fell on Saturday, May 17, 2025, making Lewis's notice of appeal due on the next business day, which was Monday, May 19, 2025. See Court of Appeals Rule 3 ("When a filing deadline falls on a Saturday, Sunday, [or] an official state or national holiday, . . . the deadline is extended to the next business day."); OCGA § 1-3-1 (d) (3). Lewis, however, did not file her notice of appeal until Tuesday, May 20, 2025, rendering her appeal untimely.

In light of the foregoing, we lack jurisdiction to consider this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,* __08/08/2025__

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*