# Court of Appeals
# of the State of Georgia

ATLANTA, June 25, 2026

*The Court of Appeals hereby passes the following order:*

## A26A2192. CYNTHIA W. MADISON v. SELECT PORTFOLIO SERVICING, INC. et al.

Cynthia W. Madison, proceeding pro se, filed a complaint (and multiple amended complaints) for quiet title and declaratory relief against Select Portfolio Servicing, Inc. ("SPS"), U. S. Bank National Association, as Trustee for the Holders of the Bear Stearns Asset Backed Securities Trust 2005-3 (the "Trust"), Rubin Lublin, LLC ("RL"), and Neighbor to Neighbor Homes, LLC. On September 5, 2025, the trial court entered an order granting Neighbor to Neighbor Homes, LLC's motion for summary judgment. Madison filed several motions for reconsideration. In addition, she filed several motions for leave to amend to add party defendants. In December 2025, at the direction of the trial court, Madison filed an amended complaint consolidating all claims, along with a motion to add Neighbor to Neighbor Homes, LLC as a party.

In the January 7, 2026 order, the trial court denied all of Madison's pending motions, imposed certain filing restrictions on Madison, and canceled a notice of lis pendens she had filed as to Neighbor to Neighbor Homes, LLC's interest in the property. Madison filed a notice of appeal on January 15, 2026. Defendants SPS, the Trust, and RL and Neighbor to Neighbor Homes, LLC have filed motions to dismiss the appeal, arguing that this Court lacks jurisdiction. We agree.

First, to the extent Madison seeks to appeal the September 5, 2025 summary judgment order, her appeal is untimely. A notice of appeal must be filed within 30 days of entry of the order to be appealed. OCGA § 5-6-38(a). The proper and timely filing

of a notice of appeal is an absolute requirement to confer jurisdiction upon this Court. *Perry v. Paul Hastings, LLP*, 362 Ga. App. 140, 141 (866 SE2d 855) (2021). A motion for reconsideration does not extend the time for filing a notice of appeal and is not itself appealable. *Mosher v. Mosher*, 378 Ga. App. 187, 189 (919 SE2d 831) (2025). Here, the notice of appeal is untimely as to the September 5, 2025 final order granting summary judgment, as it was filed 132 days after entry of the order. And the appeal is improper as to the denial of the motions for reconsideration.

Second, as a general rule, a right of direct appeal lies from only a final judgment — that is, where the case is no longer pending below. See OCGA § 5-6-34(a)(1). And "[i]n a case involving multiple parties or multiple claims, a decision adjudicating fewer than all the claims or the rights and liabilities of less than all the parties is not a final judgment." *Shoenthal v. Shoenthal*, 333 Ga. App. 729, 730 (776 SE2d 663) (2015) (punctuation omitted). Under such circumstances, there must be either an express determination that there is no just reason for delay under OCGA § 9-11-54(b) or compliance with the interlocutory appeal procedures set forth in OCGA § 5-6-34(b). See id. "Where neither of these code sections [is] followed, the appeal is premature and must be dismissed." Id. (punctuation omitted). Here, because this case remains pending below, Madison did not follow the interlocutory appeal procedures, and the trial court did not enter judgment in accordance with OCGA § 9-11-54(b), we are without jurisdiction to consider this appeal.[1]

---

[1] In addition, Madison is not entitled to a direct appeal from the trial court's cancellation of the notice of lis pendens. See OCGA § 5-6-35(a)(13) (appeals from orders granting or denying a motion canceling a lis pendens must come by discretionary application).

For these reasons, the motions to dismiss are GRANTED and this appeal is DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* __06/25/2026__

 *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

 *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*